HERBERT E. MASON'S GUARDIAN v. MARGARET A. MASON.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 11, 1912.

*Insane Persons—Appointment of Guardian—Notice of Application—Presumption—Necessity of Notice—Jurisdiction of Probate Court—Collateral Attack—P. S. 2714.*

Under P. S. 2714, providing that the jurisdiction assumed by a probate court, so far as it depends on residence, shall not be contested except in an appeal in the original case or when the want of jurisdiction appears on the record, where the record of a probate court does not show whether an insane ward resided in another probate district when a guardian was appointed for him, the appointment cannot be collaterally attacked as void on the ground that the ward resided in another probate district at the time of the appointment.

Since the probate court is a court of special and limited jurisdiction nothing will be presumed in favor of that jurisdiction, but the facts that confer it must affirmatively appear, and so an appointment by the probate court of a guardian for a person whom it adjudges incapable of caring for himself and his property was a nullity where it does not affirmatively appear that the six days' notice of the application for the appointment, required by P. S. 3159, was given.

APPEAL IN CHANCERY. Heard on the pleadings, master's report and defendant's exceptions thereto, at the December Term, 1911, Orange County, *Butler,* Chancellor. Exceptions overruled, but decree dismissing the bill with costs to defendant. The orator appealed. The defendant and orator's ward are husband and wife. The bill alleges the appointment of orator as guardian because the ward was incapable of taking care of himself and property; that before the appointment the ward turned over designated property to defendant under the agreement that

she should hold it in trust for their joint benefit; and that defendant has repudiated the trust and claims the property in her own right; and prays for an accounting, and that a trustee be appointed to receive the property and fulfil the trust.

*March M. Wilson* for the orator.

*Davis & Davis* for the defendant.

MUNSON, J.    The defendant questions the validity of the orator's appointment as guardian.    It is said that the probate court making the appointment was without jurisdiction, for the reasons, among others, that the ward was residing in another district, and that he did not receive legal notice.

The record of the probate court is not shown.    Certain facts regarding it appear from the master's report.    The petition for the appointment of a guardian was not dated.    The citation thereon was issued August 4, 1910, and was made returnable August 16, 1910.    Service thereof was made on Herbert E. Mason, but the officer's return of service bears no date.    The master reports that there is nothing before him from which he can find when the service was made.    It does not appear that Mason was present at the hearing.

To meet the objection regarding residence, the orator relies upon P. S. 2714, which is as follows: "The jurisdiction assumed by a probate court, so far as it depends on the place of residence of a person, or the location of his estate, shall not be contested in a suit or proceeding, except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the record."    This provision has been upon our statute books since 1839, but does not seem to have been brought in issue until now.    The question of residence presented by the facts of this case bears only upon the matter of jurisdiction as among the several probate districts of the State; and no doubt has been suggested as to the complete validity of the provision.    So, whatever questions might be raised on other facts, the question here is whether the want of jurisdiction in respect of residence appears on the record.    While the record as above presented does not show the residence essential to jurisdiction, it does not show the want of it.    The record is consistent with jurisdiction, and the statute forbids a collateral attack.

The statute requires six days' notice of an application for the appointment of a guardian in cases of this kind. P. S. 3159. There is no provision restricting the effect of a failure to give this notice. The question here is not whether the notice can be proved otherwise than by the record. There was no evidence of any kind from which the master could find that the required notice was given. This jurisdictional fact is wanting, unless its existence can be presumed from the making of the appointment. The orator contends that this presumption will be made, and relies for authority on *Corliss* v. *Corliss,* 8 Vt. 373; *Sparhawk* v. *Buell,* 9 Vt. 41, 77; *Driggs* v. *Kinney,* 27 Vt. 580, 65 Am. Dec. 214; *Abbott* v. *Colburn,* 28 Vt. 663, 67 Am. Dec. 735. The fact that the *Corliss* case has been cited in support of propositions not covered by the decision, was noted in *Barber* v. *Vinton,* 82 Vt. 327, 73 Atl. 881. But these cases, however far they may have gone in sustaining the presumption of regularity, are not authority for the claim made here.

In appointing guardians of insane persons, as in other matters within its cognizance, the probate court is a court of special and limited jurisdiction. *Holden* v. *Scanlin,* 30 Vt. 177; *Hendrick* v. *Cleaveland,* 2 Vt. 329. Nothing will be presumed in favor of the jurisdiction of courts of this class; the facts which confer jurisdiction must affirmatively appear. *Kent* v. *Enosburg Falls,* 71 Vt. 255, 44 Atl. 343. The authority of the probate court in this matter depended upon its proceeding in strict conformity with the statute; and it not appearing that the hearing was had on the required notice, the orator's appointment must be considered a nullity. *In Re Allen,* 82 Vt. 365, 380, 73 Atl. 1078, 26 L. R. A. (N. S.) 232.

*Decree affirmed and cause remanded.*