ROSA B. STOCKWELL *v.* THOMAS E. STOCKWELL.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, JJ., and BUTLER, S. J.

Opinion filed February 6, 1914.

*Parent and Child—Support of Children on Petition of Wife— Jurisdiction—P. S. 3108—Separation of Parents.*

Under P. S. 3108, providing that when a husband unjustly fails to support his wife, or has deserted her, or when the wife is justly living apart from her husband, a petition by her against him for support of herself or of their minor children may be brought to the county court in the county where either of the parties resides, unless the petitioner has left the county in which the parties have lived together and the other party still resides there, when the petition shall be brought in that county, the county court in the county where the parties lived together before they separated, and where

the husband has lived since the separation, has jurisdiction of
such petition; though the wife and child are living in another state.
The statute prescribing the residence necessary to give jurisdiction in
divorce proceedings does not apply to a petition, under P. S. 3108,
by a wife against her husband for contribution for the care and
support of their minor child.
Neither the agreed separation of a husband and wife, nor even their
divorce, will relieve him from the duty to support their minor
children.

PETITION, under P. S. 3108, by a wife to compel her husband
to contribute to the support and education of their minor child.
Trial by court at the April Term, 1913, Windham County,
*Taylor*, J., presiding. On the facts found the court made orders
requiring the petitionee to contribute to the support and educa-
tion of the child, to which the petitionee excepted; and, upon the
facts found as to the residence of the petitioner, the petitionee
seasonably moved to dismiss the petition for want of jurisdiction
of the subject-matter thereof. Motion denied, to which the peti-
tionee excepted. The opinion states the case.

*E. W. Gibson, R. C. Bacon* and *W. D. Smith* for the peti-
tionee.

*Chase & Chase* and *William R. Daley* for the petitioner.

POWERS, C. J. This is a petition by a wife against her
husband for contribution for the care, support and education
of their minor daughter. The parties were married in New
Hampshire, and resided for a time on the husband's farm in
Vernon, Vermont. They afterwards moved into New Hamp-
shire, and lived together there on a farm owned by the wife.
They finally separated; since which time, the husband has lived
at Vernon and the wife and child in New Hampshire. Upon
these facts, the defendant moved to dismiss the petition on the
ground that the court had no jurisdiction of the subject-matter
in controversy, and because the court had no jurisdiction over
the person of the minor child. This motion was overruled and
the defendant excepted. Thereupon, such proceedings were had
that the court below made certain orders requiring the defendant
to contribute to the support and education of the child, to which

the defendant excepted. The only questions presented by the brief, however, arise under the motion to dismiss hereinbefore referred to.

This motion was properly overruled. The proceedings are brought under P. S. 3108, and are essentially *in personam.* They are purely statutory, and the Legislature could properly prescribe the court to which the petition should be addressed. This it did in the section named, and directed that it should be brought in the county in which one of the parties resides, unless the petitioner has left the county in which the parties have lived together, and the other party still resides there, in which case, the petition shall be brought in that county. The custody of the child is not here involved, so it was immaterial whether the court had jurisdiction over her or not.

Neither do the provisions of the law with reference to the residence necessary for jurisdiction in divorce proceedings apply,—*Tolman* v. *Tolman,* 1 App. Cas. (D. C.) 299; *Horn* v. *Horn,* 82 Neb. 688; *Wells* v. *Wells,* (So. Dak.) 130 N. W. 780; *Patch* v. *Patch,* 86 Vt. 225—nor is the non-residence of the petitioner of any consequence. It is enough if one of the parties is a *bona fide* resident. *Shrader* v. *Shrader,* 36 Fla. 502; *Tolman* v. *Tolman, supra; Hiner* v. *Hiner,* 153 Cal. 254. The separation of these parties did not absolve this father from the obligation of supporting his child. Indeed, a divorce, with a decree granting the custody of the child to the mother, would not, *Montpelier* v. *Elmore,* 71 Vt. 193, and our courts are open to her for the enforcement of this paternal duty.

*Affirmed.*