ANTONIO DOMENCHINI'S ADMINISTRATOR *v.* THE HOOSAC TUNNEL
AND WILMINGTON RAILROAD.

Special Term at Brattleboro, February, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Appointment of Administrator in Another State—Collateral At-*
*tack—Full Faith and Credit Clause of Federal Constitution*
*—Depositions—Sufficiency of Notice—Service of Notice.*

P. S. 2714, which provides that the jurisdiction assumed by a probate
court, so far as it depends on the place of residence of a person
or the location of his estate, shall not be contested in a suit or
proceeding except in an appeal from the probate court in the
original case, or when the want of jurisdiction appears on the
record, does not refer to jurisdiction assumed by a probate court of
another state.

Neither the full faith and credit clause of the United States Con-
stitution (Art. 4, Sec. 1) nor the acts of Congress passed in pursu-
ance thereto, prevent an inquiry into the jurisdiction of a court of
another state, a judgment of which is offered in evidence.

In an action to recover damages for the death of plaintiff's intestate,
defendant pleaded that the deceased was a resident of Massa-
chusetts at the time of his death, that administration was granted
in that state, and that the administrator there appointed released
and discharged the defendant. Replication, that deceased was not
a resident of Massachusetts and had no property or assets therein;
that the appointment of the administrator in Massachusetts, and
the release of the defendant by such administrator was without
authority and void. To this replication the defendant demurred.
*Held*, the court did not err in overruling the demurrer.

The record of a judgment rendered in another court may be contra-
dicted as to the facts necessary to give the court jurisdicttion,
either as to the subject matter or the person; and if it be shown
that such facts do not exist, the record will be a nullity, not-
withstanding it may recite that they did exist.

The appointment of an administrator by the probate court of another state may be collaterally attacked upon the ground that the deceased was not a resident of that state and had no property or assets therein.

The sufficiency of a notice to appear at a hearing upon an application to a superior judge for an order to take depositions in another county, under P. S. 1611, rests in the sound discretion of the judge making the order, and is not reviewable.

To sustain the admissibility of a deposition in evidence, the party offering it must show that the notice required by statute has been given.

Depositions taken under P. S. 1611 must be on the notice required by P. S. 1615.

Service of notice to take a deposition, made upon the defendant's attorney, with nothing to show that service could not be made upon the defendant in the manner provided by statute, is not a sufficient compliance with P. S. 1615.

ACTION on the case, brought by the plaintiff as administrator, under the Federal Employers' Liability Act, for the benefit of the next of kin of the deceased. Pleas, the general issue, and special pleas in bar. Heard on demurrer to plaintiff's replication to the pleas in bar at the September Term, 1915, Windham County, *Fish,* J., presiding. Demurrer overruled and judgment entered for the plaintiff. The plaintiff excepted. The question of damages was then submitted to the jury. Verdict and judgment for the plaintiff. The opinion states the case.

*Gibson & Daley* for the defendant.

The appointment of an administrator rests exclusively within the jurisdiction of a probate court and cannot be inquired into, or collaterally questioned. It is as conclusive as the judgment of any other court of competent jurisdiction and cannot be set aside or impeached otherwise than by proceedings in probate court for that purpose. *McFarland, Admr.* v. *Stone,* 17 Vt. 165; *Driggs, Admr.* v. *Abbott,* 27 Vt. 580; *Abbott's, Admr.* v. *Coburn,* 28 Vt. 663; *Sutton* v. *Sutton's Est.,* 13 Vt. 71; *Giddings, et al.* v. *Smith, et al.,* 15 Vt. 344; *McFeeley, Admr.* v. *Scott,* 128 Mass. 16; *Mason's Guardian* v. *Mason,* 86 Vt. 279; *Balsewicz* v. *C. B. & Q. Ry. Co.,* 88 N. E. 734; *Bradley* v. *Missouri Pac. Ry.*

*Co.,* 71 N. W. 282; *Railway Co.* v. *Lewis,* 40 N. W. 401; *Moses Estate* v. *Morse,* 50 N. W. 443; *Ela's appeal,* 68 N. H. 35; *Brown* v. *Brown,* 50 N. H. 538; *Spaulding* v. *Groton,* 68 N. H. 77; *Horne* v. *Rochester,* 62 N. H. 347; *Fowler* v. *Brooks,* 64 N. H. 424; *Buecker* v. *Carr, et al.,* 47 Atl. 34; *Ferrell, et al.* v. *Grigsby,* 51 S. W. 114; *Strickland* v. *Landmeyer, et al.,* 52 S. W. 87; *Cornell Steamboat Co.* v. *Fallon,* 179 Fed. 293.

Where a court has general jurisdiction over the appointment of administrators, every possible intendment will be given effect in support of an appointment and only jurisdictional facts, appearing on the fact of the record can be attacked collaterally. *Simmons* v. *Saul,* 138 U. S. 439; *Garrett* v. *Boeing,* 68 Fed. 51; *Clarke* v. *Pishon,* 31 Me. 503; *In re Johnson's Estate,* 33 N. W. 413; *Sample* v. *Adams,* 100 N. E. 573; *Dorand* v. *Kennedy,* 141 N. W. 851; *Cox* v. *Kansas City,* 120 P. 553; *Dayton Coal and Iron Co.* v. *Dodd,* 188 Fed. 597, 110 C. C. A. 395; *Waggoner* v. *Sneed,* 138 S. W. 219; *Fann* v. *N. Carolina R. Co.,* 71 S. E. 81; *Seefeld* v. *Duffe,* 179 Fed. 214; *Appeal of Emery,* 83 Conn. 235; *Connors* v. *Cunard S. S. Co.,* 204 Mass. 310; *Moore* v. *Ingram,* 102 P. 1070; *Connor* v. *Paul,* 119 S. W. 1006; *Jacobs & Barrett* v. *Bentley,* 110 S. W. 594; *Record* v. *Howard,* 58 Me. 225; *Curtis, et al.* v. *Board of Supervisors,* 118 N. W. 618; *O'Connor* v. *Higgins,* 113 N. Y. 511; *Hare* v. *Shaw,* 104 S. W. 931; *Zeigler* v. *Storey,* 69 Atl. 894; *McCooley, Admr.* v. *N. Y., N. H. & H. Ry. Co.,* 182 Mass. 205.

*Chase & Chase* and *Hermon E. Eddy* for the plaintiff.

A judgment of a foreign court is always open to impeachment on the ground of a want of jurisdiction over the cause or the parties. *Thompson* v. *Whitman,* 18 Wallace 457; *Webster* v. *Reid,* 11 Howard 437; *Alexander and Hutchinson* v. *Montpelier,* 81 Vt. 549; *Denk* v. *Fiel,* 249 Ill. 424, 94 N. E. 672; *McDonald* v. *Ft. Smith & W. R. Co.,* 150 S. W. 135; *D'Arcy* v. *Ketchum,* 11 Howard 165; *Thompson* v. *Thompson,* 226 U. S. 551, 561; *Haddock* v. *Haddock,* 201 U. S. 562, 573; *Wood* v. *Wood,* 78 Ky. 624; *Rankin* v. *Goddard,* 54 Me. 28, 89 Am. Dec. 718; *Bissell* v. *Briggs,* 9 Mass. 462, 6 Am. Dec. 88; *McEwan* v. *Zimmer,* 38 Mich. 765, 31 Am. Rep. 332; *Shepard* v. *Wright,* 35 Hun. 444; *Buttrick* v. *Allen,* 8 Mass. 273; *Nat. Ex. Bank* v.

*Wiley,* 195 U. S. 257, 270; *Black on Judgments,* (2nd ed.) 273; 30 Cent. Dig. Tit. Judgment, §925.

TAYLOR, J.  Plaintiff brings this action under the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. §§8657-8665]), as administrator of the estate of Antonio Domenichini.  His intestate met with an accident while employed on defendant's railroad at Whitingham, this State, which resulted in death.  The action is brought for the benefit of intestate's father and mother as next of kin.  Defendant pleaded the general issue with special pleas in bar.  Issue was joined on defendant's demurrer to plaintiff's replication to the special pleas.  The demurrer was overruled and judgment entered thereon for plaintiff, to which defendant excepted.  The question of damages was submitted to the jury and defendant saved certain exceptions to the admission of evidence.

Plaintiff's intestate was employed at the time of the accident as a section hand on defendant's railroad.  While at work removing stones from the track a stone rolled down the bank from above and struck him on the back of the head causing the injury from which he died.  The declaration is in three counts alleging several grounds of negligence.  Defendant's special pleas to the several counts are similar.  The material facts alleged therein are in substance as follows:  That at the time of his death the said Antonio Domenichini was a resident of Boston, County of Suffolk, Commonwealth of Massachusetts; that he died intestate in the Commonwealth of Massachusetts March 26, 1913; that on July 24, 1913, administration was granted by the Probate Court of Suffolk County, Massachusetts, to one Frank Leveroni, as public administrator, who qualified as such; that in consideration of $1,050 paid by defendant to the estate of Domenichini, said administrator, on October 18, 1913, released and discharged the defendant from the several grievances mentioned in the corresponding count of plaintiff's declaration and from all claims arising from the accident in question to plaintiff's intestate.  Plaintiff's replication was as follows:  "Now comes the plaintiff * * * and as to the several special pleas of the defendant to the first, second and third counts of plaintiff's declaration pleaded says, that by reason of anything in those pleas alleged the plaintiff ought not to be barred from maintaining his action, because, he says, that the said Antonio Domeni-

chini, before and at the time of his death, was not a resident of Boston, County of Suffolk, nor of any other town or city in the Commonwealth of Massachusetts, and had no property or assets in said Suffolk county nor elsewhere in said Commonwealth of Massachusetts, but on the contrary was a resident of Whitingham in the Probate District of Marlboro, County of Windham and State of Vermont; that the appointment of Frank Leveroni as administrator of said Domenichini was without authority and void; and that any settlement made by the said Leveroni of the matters and things set up in the plaintiff's said declaration was without authority and void. Wherefore, the plaintiff prays judgment," etc.

Defendant assigned as grounds of demurrer in substance (1) That the replication seeks to attack collaterally the appointment of an administrator upon intestate's estate; (2) that the appointment of an administrator, as pleaded by defendant, is a judgment of the court making the appointment to which the courts of this State must give full faith and credit; (3) that the replication does not allege that the appointment of the administrator, as pleaded by defendant, has ever been vacated, modified or set aside; (4) that the judgment of the court making the appointment pleaded by the defendant is final and conclusive unless revoked, modified or set aside; (5) that the facts alleged in plaintiff's replication are not such facts as would vacate, modify or set aside the appointment of the administrator set forth in defendant's pleas.

The record is silent as to what transpired on the overruling of the demurrer, except that judgment was entered thereon for plaintiff and defendant allowed an exception. The transcript, which is referred to and made controlling, discloses that defendant excepted to the order of the court that a jury be empanelled to try the question of damages at that stage of the case. It also shows that in the course of the charge the presiding judge said: "The defendant * * * by its pleadings *.* * has submitted to judgment and it seemed wise that the question of damages should be submitted for your determination in order that the whole question * * * should be submitted to review, if it is the wish of the parties to have the case reviewed by the Supreme Court." It sufficiently appears that defendant elected to stand by its demurrer and thereupon the court rendered judgment in chief for plaintiff and submitted the question of damages against

defendant's protest.   Standing thus the case is here on defendant's exception to the judgment on demurrer.

The special pleas set up a release in bar of the action.   The replication attacks the jurisdiction of the Probate Court of Suffolk County to make the appointment of the administrator whose settlement and release is relied upon, and alleges facts tending to show that his appointment and the attempted settlement and release were without authority and void.   In support of its demurrer defendant says that the appointment of the Massachusetts administrator was a judgment final and conclusive until revoked, entitled to full faith and credit in the courts of this State and not subject to collateral attack.   It appears from the pleadings that the Massachusetts court had taken jurisdiction and its appointee had acted long before the jurisdiction of the probate court in this State was invoked.   Plaintiff was appointed administrator June 6, 1914; while administration of intestate's estate was granted in Massachusetts July 24, 1913, and the alleged settlement and release was made Oct. 18, 1913.

Defendant relies upon P. S. 2714, which provides that the jurisdiction assumed by a probate court, so far as it depends on the place of residence of a person or the location of his estate, shall not be contested in a suit or proceeding except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the record.   But this section does not refer to jurisdiction assumed by a probate court of another state. Its context in the original act makes this clear.   The section first appeared in the revision of 1839 in connection with what is now P. S. 2713, which provided that the probate court which first took cognizance of the settlement of the estate of a deceased person as mentioned in the two preceding sections should have jurisdiction thereof to the exclusion of all other probate courts.   The two sections there referred to provided in which probate courts in this State letters of administration should be granted.   R. S. c. 44, §§15-18.   The construction we now give the statute was intimated in *Mason's Guard.* v. *Mason,* 86 Vt. 279, 84 Atl. 969.

Defendant insists that the legality of the appointment by the Massachusetts court is as conclusive as the judgment of any other court of competent jurisdiction and cannot be attacked collaterally but only by proceedings for that purpose in the court making the appointment; in short, that it stands the same as any

domestic judgment. Several early Vermont cases are cited in support of this contention; but counsel on both sides seem to have overlooked *Wood* v. *Augustins,* 70 Vt. 637, 41 Atl. 583, where these cases are referred to but overruled because of later decisions of the Supreme Court of the United States holding to the contrary. Speaking for the Court, *Start,* J., says: "We think the construction thus given to the constitution and act of Congress by the United States Supreme Court is controlling, and the construction given to them by this court must yield to the later construction of the United States Supreme Court." The decisions thus given controlling effect hold that the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding in another state; that neither the full faith and credit provisions of the federal constitution nor the act of Congress passed in pursuance thereof prevent an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered; that the record of a judgment rendered in another court may be contradicted as to the facts necessary to give the court jurisdiction, either as to the subject-matter or the person; and that, if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist. See *Thompson* v. *Whitman,* 18 Wall. 457, 21 L. ed. 897; *National Exchange Bank* v. *Wiley,* 195 U. S. 257, 49 L. ed. 184, 25 Sup. Ct. 70, and numerous cases there cited; *Tilt* v. *Kelsey,* 207 U. S. 43, 52 L. ed. 95, 28 Sup. Ct. 1. The earlier case of *Betts* v. *Johnson,* 68 Vt. 549, 35 Atl. 489, decided that the question of the jurisdiction of a court of a sister state to render the judgment relied upon is always open to inquiry. We have no occasion to review the cases cited by defendant from other jurisdictions further than to notice that in many instances, at least, they deal with domestic judgments and not those of a sister state. Such is the fact in *Balsewicz* v. *Chicago B. & Q. Ry. Co.,* 240 Ill. 238, 88 N. E. 734, apparently much in point. In dealing with judgments of another state the Supreme Court of Illinois adopt the rule that now prevails here. See *Field* v. *Field,* 215 Ill. 496, 74 N. E. 443. The same distinction prevails in Massachusetts as will be seen when the case cited by defendant is compared with *Chicago Title & Trust Co.* v. *Smith,* 185 Mass. 363, 70 N. E. 426, 102 Am. St. Rep. 350.

It might be conceded that the proceedings of a probate court acting within its jurisdiction are as impregnable against collateral attack as the proceedings of other courts of record; however, they are possessed of no peculiar immunity in the absence of a statute conferring it. The objection of the embarrassing results supposed by the defendant, in case the appointment is held open to collateral attack, is met by patent reasons advanced by the plaintiff why the full faith and credit rule should not apply to foreign judgments; but there is no occasion to balance arguments.

It is a federal question and the rule laid down in *Thompson* v. *Whitman, supra,* has been repeatedly reaffirmed by the Supreme Court of the United States. We hold that the demurrer was properly overruled.

The only exceptions to the evidence which we need to notice relate to the deposition of Roberto Domenichini, which was taken under an order of a superior judge upon interrogatories filed by plaintiff in pursuance of the order. The order for the taking was made on hearing at Rutland, March 16, 1915, on plaintiff's application dated at Brattleboro, March 15, 1915. The sufficiency of the notice to appear at this hearing is not reviewable, as that rests in the sound discretion of the judge making the order (P. S. 1611) and the judge found that the notice was sufficient. It seems that defendant did not appear, but no importance is attached to that fact. Commissioners were designated to take the testimony of the said Domenichini and the clerk was directed to issue commissions. It was ordered that the deposition be taken upon notice "as the law provides," and upon written interrogatories and cross-interrogatories to be filed with the clerk, plaintiff's examination in chief in two days from the date of the order and defendant's cross-examination, plaintiff's rebuttal and defendant's re-cross, if any, on successive days thereafter. Defendant did not file interrogatories and was not represented at the taking of the deposition. The order designating commissioners did not fix the time and place of taking the deposition. The clerk issued the commissions under date of March 20, 1915, and therein specified the place and fixed the time of taking on the 10th day of April, 1915, at one o'clock in the afternoon, or at such other time as the commissioner should appoint by adjournment. The commissioners were empowered to examine the witness upon such interrogatories as were submitted or such as

should be propounded by counsel appearing for the interested persons.

One of the designated commissioners was Frederick T. F. Dumont, Consul of the United States at Florence, Italy. The notice relied upon by plaintiff is a citation issued by a justice of the peace of Windham County, March 13, 1915. The citation notified defendant to appear before Frederick T. F. Dumont, Consul at Florence, Italy, for the United States, at the American Consulate at said Florence, on April 10, 1915, at 15 minutes past one o'clock in the afternoon. The officer's return on this citation recites that at Brattleboro in Windham County, the 13th day of March, 1915, service of the citation was made by delivering a true and attested copy thereof to E. W. Gibson, attorney of record for the Hoosac Tunnel and Wilmington Railroad Company, for said Hoosac Tunnel and Wilmington Railroad Company, defendant.

Numerous irregularities in the taking of the deposition are claimed but we confine our attention to the question of notice. To sustain the admissibility of the deposition plaintiff was required to show compliance with the requirements of the statutes with reference to notice. *Clark's Admr.* v. *Wilmington Sav. Bk.*, 89 Vt. 6, 93 Atl. 265; *Thomas* v. *Graves*, 90 Vt. 312, 98 Atl. 508.

Plaintiff contends that no citation is required by law; but that, if required, the citation served March 13, 1915, is sufficient. P. S. 1611, which provides for the designation of commissioners to take testimony out of the state, does not expressly require notice to the adverse party of the time and place of taking; and plaintiff argues from this that where testimony of witnesses out of the state is to be taken by commissioners as provided in that section, notice is not required, other than the notice of the hearing on the application. There is some force in the claim that where the testimony is to be taken on interrogatories settled in advance of the taking, there is no necessity for notice, as neither party could examine the witness orally. But there are other considerations that make against the claim. The section provides the alternative that the judge may order the testimony taken upon oral examination, and in any event the party is entitled to be present to protect his rights. It was held in *Ferguson* v. *Morrill*, Brayt. 40, decided in 1818, that where a commission to take testimony in a foreign country issues, it must direct

the party praying out the commission to notify the adverse party of the time and place of taking the depositions, and that such notice must be proved to the court before the deposition can be read in evidence. Though what is now P. S. 1611 was not then under consideration, having been enacted in 1858, it is evident that the practice of taking depositions of witnesses out of the state before commissioners was in vogue long before the adoption of the statute. Did the Legislature intend to do away with the requirement of notice declared necessary in *Ferguson* v. *Morrill?* The development of the statutes relating to notice where testimony of witnesses was to be taken out of court will be helpful in the solution of this question.

P. S. 1615 provides that a person wishing to take the deposition of a witness out of court shall cause personal notice thereof to be given by the magistrate taking such deposition to the adverse party or by a citation served like a writ of summons on the adverse party, or, if he resides out of the state, on his attorney if residing in the state; such notice or citation to state the time and place of taking the deposition, the name of the magistrate before whom it is to be taken, and give the party a reasonable time, after notice, to be present at the taking. Plaintiff contends that this provision for notice does not relate to depositions taken before commissioners and attempts to distinguish between testimony taken out of the state and that taken in the state but out of court. This provision was enacted substantially in its present form in 1854. No. 4, Acts of 1854, §1. Previous to the act of 1854 personal notice by the magistrate or a citation stating the time and place of the taking served on the adverse party like a writ of summons was required, if residing within thirty miles of the place of caption. R. S., c. 31, §3. No deposition taken without notice could be read in evidence unless filed in the office of clerk of the court at least thirty days before the session at which the deposition was offered in evidence. R. S., c. 31, §11. The earlier provision for notice was displaced by section 1 of the act of 1854, and section 2 of the act provided that no deposition thereafter taken without the notice provided in the preceding section should be read in evidence in any court in this State. This clearly indicates a legislative intention to require notice in all cases where depositions were to be taken, whether in the state or not. Section 2 of No. 4, Acts of 1854, remained in force until the revision of 1863. The shortage left

by the act of 1854 where the adverse party was a non-resident and had no attorney residing in the state was corrected by No. 13, Acts of 1858, wherein it was provided that when neither the adverse party nor his attorney resided in the state the party residing here could take depositions without notice, in which case the testimony should be filed in the court where the cause was pending at least twenty days before the time of trial. This provision in substance is preserved in P. S. 1616. At the same session and before No. 13, Acts of 1858, became a law, what is now P. S. 1611 was enacted; so when it was originally adopted its lack of provision for notice was affected by the prohibition that no deposition taken without the notice required in what is now P. S. 1615 should be read in evidence. We are forced to the conclusion that depositions taken under P. S. 1611 must be on the notice required by P. S. 1615. The application of county court rule 24, §3, relating to depositions taken *ex parte* without the state, is considered in *Bank* v. *Post,* 65 Vt. 222, 25 Atl. 1093, wherein it was held to apply to depositions taken with notice but without the presence of the adverse party.

It remains to consider whether the citation of March 13, 1915, is a sufficient compliance with P. S. 1615. Without considering some of the more technical objections, it is enough to say that the service was defective. It was made upon defendant's attorney with nothing to show that service could not be had upon the defendant in the manner provided by law. It is only when the party to be served resides out of the state that the statute authorizes service upon his attorney.

As it fairly appears that judgment in chief was rendered below to enable the defendant to avail itself of its demurrer; and there being issues of fact on the record raised by the general denial and not affected by the demurrer, we reverse the judgment generally and remand the cause for trial on all issues.

*Judgment reversed and cause remanded.*