ADDIE L. WILDER v. JOHN C. WILDER.

January Term, 1919.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 23, 1919.

*Husband and Wife—Suit for Separate Maintenance—Nonresi-*
*    dent Petitionee—Jurisdiction—Residence of Wife—Prop-*
*    erty of Nonresident Husband—Jurisdiction Over—Service*
*    of Process on Nonresident.*

On a wife's petition for separate maintenance on the ground of neglect and refusal to support, the fact that the neglect and refusal to support complained of occurred in another State is not controlling of the question of jurisdiction.

A husband forfeits the right to determine the residence of his wife when he gives her justifiable cause for living apart from him.

Where the husband resides outside the State, the wife can bring a petition for separate maintenance in the county where she is a *bona fide* resident; and her residence in the State gives the courts thereof jurisdiction of the marital status of the parties.

Under G. L. 3600, on a petition brought by a resident wife against her nonresident husband for the separate maintenance of herself and minor children, the court has power to make an order affecting the petitionee's property within the State without acquiring jurisdiction of his person.

Where actual notice of the pendency of a wife's petition for separate maintenance describing real and personal property within the jurisdiction of the court belonging to the nonresident petitionee

and out of which the court is asked to grant the relief sought, is served on the petitionee in the manner provided by G. L. 2274, 2275, for giving notice to an absent defendant, the same proceedings may be had, under G. L. 2276, so far as to affect the title or right to the possession of the petitionee's property in the State, as if the petition had been served on him in the State.

PETITION for separate maintenance. Heard on the petitionee's motion to dismiss the petition at the May Term, 1918, Windsor County, *Butler,* J., presiding. Motion granted, and petition dismissed with costs. The petitioner excepted. The opinion states the case.

*Stickney, Sargent,* and *Skeels* for the petitioner.

*Ernest E. Moore* (specially) for the petitionee.

TAYLOR, J.   This is a wife's petition for separate maintenance of herself and their three minor children, whom it is alleged the petitionee has deserted and abandoned without means of support.   At the time these proceedings were instituted the petitionee was living in Claremont, New Hampshire, and had notice of the pendency of the petition by delivery of a copy thereof there, as provided by G. L. 3571.   He appeared specially by attorney and moved the court to dismiss the proceedings for want of jurisdiction and for want of proper service.   The court sustained the motion and allowed the petitioner an exception. Counsel for the petitionee expressly waives any objection as to the service of notice, leaving the only question that of the jurisdiction of the court to entertain the petition.

The claim is made that the alleged failure to support arose in New Hampshire and that the courts of that State should be resorted to for the desired relief.   But it appears from the petition that the petitioner resides in Cavendish, this State.   There is nothing in the petition to show that the desertion occurred in New Hampshire, nor where the petitionee's residence is, except that he was notified at Claremont as an absent defendant.   It is stated in the bill of exceptions that it appeared that the parties were married in Vermont and lived in Cavendish in this State for several years following their marriage; that they removed to New Hampshire, where the neglect and refusal to support com-

plained of occurred; and that the petitioner subsequently returned with her children to Cavendish, where her home had been prior to her marriage. It is not clear how these facts outside of the record were made to appear on a mere motion to dismiss the petition. However, treating the facts as properly before the court, as counsel have done, they are not controlling of the question of jurisdiction. The husband forfeits the right to determine the residence of the wife when he gives her justifiable cause for living apart from him. This is recognized by the statute relating to separate support, in that it provides that the wife's petition may be brought in the county in which either of the parties resides, with the exception that if the petitioner has left the county in which the parties have lived together, and the husband still resides therein, the petition must be brought in that county. G. L. 3600; *Patch* v. *Patch*, 86 Vt. 225, 84 Atl. 815. But this exception relates only to the husband's residence within this state and does not remit the petitioner to a foreign jurisdiction. The Legislature has only prescribed the court in this state to which such a petition should be addressed. So far as relates to the question of residence, it is enough if the petitioner is a *bona fide* resident of Windsor County. *Stockwell* v. *Stockwell*, 87 Vt. 424, 89 Atl. 478. See also *Domenchini's Admr.* v. *The Hoosac Tunnel, etc., R. R. Co.*, 90 Vt. 451, 456, 98 Atl. 982.

The petitionee contends that the proceedings under our statute for the separate support of the wife, living apart from her husband for a justifiable cause, are in nature *in personam*, and that to give the court jurisdiction in such matters it must acquire jurisdiction of the person of the husband, either by service of process upon him within the State or by his voluntary appearance in defence of the petition. So far as now material, the statute provides: ''When a husband fails, without just cause, to furnish suitable support for his wife, or has deserted her, or when the wife, for a justifiable cause, is actually living apart from her husband, the county court may, * * * on the petition of the wife, * * * make such orders as it deems expedient concerning the support of the wife and the care, custody, education and maintenance of the minor children of the parties.''

This statute enlarges the powers of the court relating to the marriage status of parties within its jurisdiction and confers authority to make such orders as are found expedient to enforce

the duty of the husband to support his wife and maintain their minor children; subject, of course, to the limitation that it can make only such orders, and that its orders will have only such effect, as the law authorizes. It is doubtless true that orders on the petitionee for the payment of money for the support of the petitioner, or the minor children, are in their nature personal, and when sought to be enforced in a foreign jurisdiction are subject to the infirmity of an *ex parte* judgment; but it does not follow that the jurisdiction of the person of the ·petitionee in such proceedings is essential to the validity of an order affecting his property found within the territorial jurisdiction of the court, or the power of the court to enforce its orders within such jurisdiction. If this were so it would be possible for the deserting husband, though possessed of visible property in abundance within the control of the court, to cross the state line and in security laugh at the inability of the law to afford relief to the abandoned wife and children. But the courts are not thus powerless to act. Means are available by which they can reach ·out and lay hands on the recreant husband's property and appropriate it to the support of the dependent wife and children. Such was the manifest purpose of this proceeding. The petition describes real estate and personal property within the jurisdiction of the court belonging to the petitionee, out of which the court is asked to grant the relief sought.

Residence of the petitioner in this State gives the courts thereof jurisdiction of the marital status of the parties. On a proper showing they could grant her a divorce from her husband, though resident elsewhere. They could undoubtedly make a decree under the statute in question for the protection of her person and giving her the custody of the minor children living in this State. We have no hesitancy in saying that the statute also confers power to make an order affecting the petitionee's property within the State without acquiring jurisdiction of his person. *Blackinton* v. *Blackinton,* 141 Mass. 432, 5 N. E. 830, 55 Am. Rep. 484; *Hervey* v. *Hervey,* 56 N. J. Eq. 166, 38 Atl. 767; *Murray* v. *Murray,* 115 Cal. 266, 47 Pac. 37, 37 L. R. A. 626, 56 Am. St. Rep. 97; *Rhoades* v. *Rhoades,* 78 Neb. 495, 111 N. W. 122, 126 Am. St. Rep. 611; *Benner* v. *Benner,* 63 Ohio St.· 220, 58 N. E. 569; 9 R. C. L. 399; note 2 Ann. Cas. 819. That states may subject property within their·limits, owned by nonresidents, to the payment of demands of their own citizens is

held in *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. ed. 565, relied upon by the petitionee, and in *Herbert* v. *Bicknell*, 233 U. S. 74, 58 L. ed. 856, 34 Sup. Ct. 562.˙ To the same effect is *Prosser* v. *Warner*, 47 Vt. 667, 19 Am. Rep. 132.

It was said in *Blackinton* v. *Blackinton*, concerning a similar statute, that the statute does not contemplate jurisdiction for one of its purposes and want of jurisdiction for another; that the proceeding is for the regulation of a status, the incidents of which are various; that the status, considered as a whole, is subject to regulation, although it involves relations with another not within the jurisdiction, because such regulation is necessary to secure the comfort and support of the party living within the jurisdiction. In *Prosser* v. *Warner*, this Court said: ''Where the court has jurisdiction of the subject-matter, but not of the person of the defendant, its judgments may be enforceable and binding upon the defendant to the extent of his property taken in the suit or on the judgment, and which is located within the territorial jurisdiction of the court rendering the judgment. Such a judgment is not enforceable against the person of the defendant, and is not a judgment *inter partes,* but rather a judgment *in rem,* affecting the property * * * within the territorial jurisdiction of the court.''

Moreover, the petitionee had actual notice of the pendency of the petition, having been served in the manner provided for giving notice to an absent defendant. G. L. 2274, 2275. Upon such a notice the same proceedings may be had, so far as to affect the title or right to the possession of the petitionee's property in the State, as if the petition had been served on him in the State. G. L. 2276.

The petitionee relies upon *Smith* v. *Smith*, 74 Vt. 20, 51 Atl. 1060, 93 Am. St. Rep. 882. The decision there, when applied, as it must be, to the facts of that case, is in harmony with our present holding; but, treated as abstract propositions, some of the statements of the opinion are liable to mislead. That was a petition for divorce. The petitioner sought to have decreed to her a fund in the hands of an executor who was administering an estate in New Hampshire. The fund represented the petitionee's distributive share of such estate, which the New Hampshire court had ordered paid to him on demand, but upon a certain condition not complied with. The only means taken to subject the fund to the control of the court was an injunction order re-

straining the executor from paying the money over to the petitionee. The executor had leave to appear in his own interest and claimed that the fund was not in this State, but was subject to the orders of the probate court in New Hampshire; that the fund was not seized or attached, and so was not brought before the court; and that, in the absence of personal service on the petitionee, the power of the court over his property, even though it be in the State, was confined to such as was seized and brought before the court by the proceedings. It should be observed in this connection that the only notice to the petitionee was by publication, and it appeared that his whereabouts were unknown. On these facts the court below held that it could not order the executor to pay the fund to the petitioner as alimony, and this Court affirmed the judgment. But a fact not appearing in the reported case is significant. The county court found no difficulty in decreeing to the petitioner as alimony certain real estate located in this State in which the petitionee had an interest as an heir at law, thus asserting its authority to dispose of the petitionee's property in proper circumstances without acquiring jurisdiction of his person.

We are not now concerned with the question of procedure. Nor is it necesary to consider whether the petitioner can secure full relief on this petition unamended. If a shortage of allegations should be discovered, resort can be had to the Practice Act to cure the defects; and if the ordinary procedure, including that authorized in G. L. 3607, should be found inadequate, the chancery powers conferred by G. L. 3577 will doubtless afford the means of bringing the property in question into the control of the court. It is not intended to intimate whether or not this can be done by the injunction already issued in these proceedings.

*Judgment reversed and cause remanded.*