ERNEST F. BERRY, ADMR. *v.* RUTLAND RAILROAD COMPANY.

Special Term at Montpelier, March, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed May 5, 1931.

*E. W. Lawrence* for the defendant.

*Orrin B. Hughes* for the plaintiff.

MOULTON, J.   The decedent, a resident of Middletown, Connecticut, was killed on a grade crossing by a train of the defendant railroad.   This action was brought by his administrator under the provisions of G. L. 3314 and 3315, to recover damages for the benefit of his widow and children.   The defendant filed an answer in which the legality of the appointment of the plaintiff as administrator is denied, because, as it is alleged, the probate court was without jurisdiction to appoint him, since neither the decedent nor the defendant was a resident of the probate district and the decedent left no property within it, as appeared by the petition for administration which stated the only goods and estate belonging to the decedent within the State of Vermont to be a "death accident claim upon which suit will be brought against Rutland Railroad Company."   The plain-

tiff demurred to the plea. The demurrer was sustained, the plea adjudged insufficient, and the defendant excepted.

The defendant argues that a cause of action arising out of wrongful death is not a common law right, but wholly statutory and no part of the estate of the decedent within the meaning of G. L. 3179, because while the decedent was alive it did not exist, but came into being only after his death, and is a right in favor of others, the administrator being only the nominal party by whom it is to be enforced. . Our attention is also called to G. L. 3316, providing that when an executor or administrator prosecutes an action founded upon a debt, demand or claim for damages as to which he is only a trustee for the use of another person, and where the claim, although prosecuted in his name, belongs to another person "the sum or property recovered shall not be assets in the hands of such executor or administrator, but shall be paid over to the person entitled thereto, after deducting or being paid the costs and expenses of the prosecution."

Two things are essential to the jurisdiction of a probate court to grant letters of administration: The death of the person upon whose estate the letters are granted and domicile or assets within the district. If these two facts exist and appear of record as judicially ascertained, the grant of administration is valid, however irregular the proceedings may have been; and if they properly appear of record, the administration is at least *prima facie* valid, and he who questions it must establish its invalidity. *Manning* v. *Leighton,* 65 Vt. 84, 98, 26 Atl. 258, 24 L. R. A. 684. The want of jurisdiction in the probate court must appear of record if it is to be contested in this proceeding. G. L. 3182; *Mason's Guardian* v. *Mason,* 86 Vt. 279, 280, 84 Atl. 969; *Domenchini's Admr.* v. *R. R. Co.,* 90 Vt. 451, 456, 98 Atl. 982. G. L. 3179 provides that: "If a person resides out of the State at the time of his death, his will shall be allowed and recorded, and letters testamentary or of administration shall be granted in the probate court of any district in which he had estate."

The right to letters of administration does not depend upon the existence of tangible assets to administer. *Mesker* v. *Bishop,* 56 Ind. App. 455, 103 N. E. 492, 496; *Pinney, Admr.* v. *McGregory,* 102 Mass. 186, 189-193; *Manning* v. *Leighton, supra,* 65 Vt. at page 99, 26 Atl. 258, 24 L. R. A. 684.

A cause of action for wrongful death, created by statute and to be prosecuted by the administrator for the benefit of the widow and next of kin of the deceased, is sufficient to warrant the grant of administration upon the estate of such deceased person, in any jurisdiction in which the person or corporation causing the death may be found. *Hartford & N. H. R. R. Co.* v. *Andrews,* 36 Conn. 213, 214-215; *Boston & M. R. R.* v. *Hurd, Admr.,* 47 C. C. A. 615, 108 Fed. 116, 56 L. R. A. 193, 214-216; *Sharp* v. *C. N. O. & T. P. Ry. Co.,* 133 Tenn. 1, 179 S. W. 375, Ann. Cas. 1917C, 1212, 1214, and annotation pp. 1217-1221; *In re Mayo's Estate,* 60 S. C. 401, 38 S. E. 634, 54 L. R. A. 660, 664-666; *Jordan, Admr.* v. *C. & N. W. R. Co.,* 125 Wis. 581, 104 N. W. 803, 110 A. S. R. 865, 4 Ann. Cas. 1113, 1 L. R. A. (N. S.) 885, 887, 890, and annotation pages 885, 886; *Missouri Pacific R. R. Co.* v. *Lewis,* 24 Neb. 848, 40 N. W. 401, 2 L. R. A. 67, 71; *Howard* v. *Nashville, etc., R. R. Co.,* 133 Tenn. 19, 179 S. W. 380, L. R. A. 1916B, 794, 796, 797; and annotation 59 A. L. R. 92-94. As is said in *Southern Pacific Co.* v. *De Valle Da Costa* (C. C. A.), 190 Fed. 689, 693: "The enactment of a statute giving an action for death, and requiring that it shall be brought by a personal representative, we think should be regarded as a conclusive recognition of the right of administration to enforce such a claim." In the same opinion the argument that since the cause of action did not accrue to the intestate during his lifetime, but accrued only upon his death by virtue of the statute, it could not be regarded as a basis for the appointment of an administrator, is rejected as unsound (190 Fed., page 695). Strictly speaking, G. L. 3314 does not give a new right of action, but a new right of recovery, not existing at common law, arising from the injury to the deceased which gave or would have given him a right of action if death had not ensued. *Legg, Admr.* v. *Britton,* 64 Vt. 652, 659, 24 Atl. 1016; *Lazelle* v. *Newfane,* 70 Vt. 440, 443, 41 Atl. 511; *Ploof* v. *Burlington Traction Co.,* 70 Vt. 509, 516, 41 Atl. 1017, 43 L. R. A. 108.

The provision of G. L. 3316, to the effect that the sum recovered shall not be an asset in the hands of the administrator, must be taken to mean only that it shall not be an asset subject to the payment of decedent's debts. *Agee* v. *Saunders,* 127 Tenn. 680, 157 S. W. 64, 46 L. R. A. (N. S.) 788, 790; *Sharp* v. *Ry. Co., supra,* 133 Tenn. 1, 179 S. W. 375, Ann. Cas 1917C,

page 1213. *Howard* v. *Nashville, etc., Ry. Co., supra,* 133 Tenn. 19, 179 S. W. 380, 381, L. R. A. 1916B, page 796, it is said: "It is not material that such right of action is not available for the payment of the debts of the deceased. If it be the administrator's duty to sue on the demand, it is not material that the law requires him to pay the amount recovered to the widow and children or next of kin instead of to creditors. It is just as much his duty to sue in the one case as in the other; and it is just as much the duty of a probate court * * * to appoint an administrator for this purpose, or when only this purpose is to be served, as it is to appoint him when the administrator will have assets of both kinds to deal with—that is, assets for the payment of debts and assets devoted solely to the distributees of the intestate." To the same effect is *Toledo, etc., R. Co.* v. *Reeves,* 8 Ind. App. 667, 35 N. E. 199, 201; and see, also, annotation, Ann. Cas. 1917C, 1219-1221.

No claim is made for the allegation in the answer that the defendant is not a resident of the probate district in which the plaintiff was appointed administrator, or that the situs of the assets was affected thereby, and so we give these matters no consideration. All the arguments advanced in the defendant's brief have received our attention, and no error appears.

The defendant has requested that, if the ruling below should be affirmed, the case may be remanded so that it may replead. The entry is therefore:

*Judgment affirmed, and cause remanded with leave to the defendant to apply.*