Rich
v.
Trimble.

NATHANIEL and LUCRETIA RICH, Appellants,
*against*
ALEXANDER TRIMBLE, Appellee.

DECLARATION in case upon a special pro- *The signature of a party to a release cannot be proved by comparison of hand-writings if there be a subscribing witness, even though the witness resides without the State; for if the place of his residence be known, and he lives within a reasonable distance from the place of trial, his deposition should be taken.*mise made to the plaintiff *Lucretia* when sole.

The plaintiffs declare, that the said *Lucretia*, when sole, had an illegitimate child born of her body, of which the defendant was the father, and by the law of nature and the land was obligated to aid and assist in its maintenance; in consideration whereof he promised the said *Lucretia* when sole, to wit, on the 5th of *March*, 1799, to pay her at the rate of one dollar per week, for each and every week that she should nurse, nurture, tend, support, maintain and take charge of said child during its infancy; that in consideration thereof she nursed, &c. and took charge of said child during its infancy, two hundred weeks, from, &c. to, &c. and then alleges an intermarriage between the plaintiff, and that the right of action hath accrued to both of them, &c.

There were also two general counts, one for 500 dollars, money had and received, and the other for the same sum for work and labour done.

The defendant pleaded in bar a release of the demand in writing for the consideration and receipt of 30 dollars, made on the 3d of *September*, 1800, by the plaintiff *Lucretia* when sole.

To this plea there was a traverse of the release, and issue to the country.

The release was offered in evidence by the de

Rich
v.
Trimble.

fendant's counsel, who offered to show its execution by a comparison of hand-writing.

·*Strong*, for the plaintiffs, objected, that there was a subscribing witness, and relied on the case of *Stephen Pearl* v. *Ebenezer Allen, Chittenden* County, *January* term, A. D. 1800.

Vide *Vermont Rep.* vol. 1. p. 4.

*Harrington*, for defendant. We consider that case not in point. The objection there was, that the subscribing witness was *within process of the Court*, and that decision rested on this ground. But the subscribing witness to this release 'lives on the shores of Lake *George*, within the State of *New-York, beyond the process of the Court.*

TYLER, Assistant Judge. The State statutes provide for the taking the depositions of witnesses out of the State, to be used in the Judicial Courts within it, and the deposition of the subscribing witness might have been taken in this case.

The term "*process*," as commonly applied, intends that proceeding by which a party is called into Court, but it has a more enlarged signification, and includes all the proceedings of the Court from the beginning to the end of a suit, and is defined in the books, " *processus; a procedendo ab initio usque ad finem.*" And in this view all proceedings which may be had to bring testimony into Court, whether *viva voce* or in writing, may be considered to be within the process of the Court.

JACOB, Assistant Judge. I agree with my brother TYLER. There are two modes of obtaining

testimony to be used in Court; one by bringing the witness into Court by process of *subpœna ad testificandum*, or in case of wilful neglect of appearance by *capias;* the other by taking the deposition of the witness, by the aid of government if the deponent lives within the State, and upon the party's own aplication if the witness resides in another State or dominion; but when the deposition is returned into Court, it is incorporated with the proceedings or process of the Court. I am therefore for not admitting the execution of the alleged release to be proved by comparison of hand-writing, as within the case of *Pearl* v. *Allen.*

Chief Judge. Whether the case cited is in point, and the rejection of the comparison of hand-writing in this case can be included in that case or not, I am against the admission of comparison of hand-writings, to show the execution of this release. I consider that our statute has made ample provision for the taking of depositions in civil causes. That when a question arises whether the presence or the deposition of a witness shall be supplied by a comparison of hand-writing, or other lesser evidence, in case the witness lives beyond the territorial lines of the State, the inquiry must be, whether the place of his residence is known with precision, and whether it is within such reasonable distance as that the party might procure his deposition? In this case I consider, that the place of residence of the subscribing witness being ascertained, and within reasonable distance, the defendant might readily have obtained his deposition, and therefore I agree with the assistant Judges, that a comparison of hand-writing to prove

the plaintiff *Lucretia's* signature to the release, cannot be admitted.

Evidence not admitted.

Verdict for plaintiffs, 200 dollars.

*Samuel Miller* and *Moses Strong*, for plaintiffs.
*W. C. Harrington* and *Amos Marsh*, for defendant.