LITTLETON BRIDGE CO. *v.* DANIEL & ROBERT PIKE.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON and WATSON, JJ.

Opinion filed August 31, 1899.

*Appeal from appraisal of land damages.*  An appeal lies to the County Court from the appraisal of land damages by commissioners appointed under No. 265, Acts of 1896, incorporating the Littleton Bridge Company.

*Definition—" To " as a word of inclusion—*" To " is a word of exclusion unless it appears by necessary implication to have been used otherwise; but in the reference to V. S. 3815 "to" 3821 made in the above act the necessary implication is that it was used as a word of inclusion.

*Exceptions do not lie—*Under the construction necessary to be put upon the act of incorporation in connection with V. S. 3821 which is referred to therein as a governing section, exceptions to the Supreme Court do not lie from the decision of the County Court upon the report of commissioners appointed under said act.

APPEAL BY LAND OWNERS from the decision of commissioners appointed on the petition of the Littleton Bridge Company under the provisions of No. 265, Acts of 1896, incorporating the petitioner. Caledonia County, December Term, 1898, *Start*, J. presiding. Judgment on the report of commissioners, appointed by the County Court, in favor of the petitionees for eighty-five dollars, with costs to the petitioner. Petitionees excepted.

In the Supreme Court the petitioner filed a motion to dismiss on the ground of want of jurisdiction on the part of the County Court and of the Supreme Court.

*Bates, May* and *Simonds* for the petitioner.

*Geo. F. Morris* for the petitionees.

MUNSON, J.  This is an appeal by land-owners from the decision of commissioners appointed on the petition of the Littleton Bridge Company, under the provisions of No. 265, Acts of 1896. The petitioner moves to dismiss the appeal, on the ground that the County Court had no jurisdiction.

The act above named provides that two Judges of the Supreme Court, on being applied to by the corporation, shall appoint commissioners to determine the damages sustained by the owners of the land taken, and further provides as follows : " The proceedings thereafter shall be the same as those provided for in sections 3815 to 3821 of the Vermont Statutes, and said sections shall govern all proceedings had by said commissioners and corporation and by the court and all concerned, to the final determination of the matter."

The only provision for an appeal contained in these sections of the Vermont Statutes is in section 3821, and the petitioner contends that that section is excluded by the language above quoted. " To " is a word of exclusion, unless it appears by necessary implication to have been used in a different sense. *Bradley* v. *Rice,* 13 Me. 198 : 29 Am. Dec. 501. In this instance it is clear that the Legislature considered that sec. 3821 was included ; for the act provides that in all subsequent proceedings " the court " shall be governed by the sections referred to, and there could be no subsequent proceedings before any court unless sec. 3821 was included.

But it is said that if sec. 3821 is included, this court can have no cognizance of the case, because of the provision of that section that the decision of the County Court shall be final upon the report of the commissioners. On the other hand, the petitionees refer to V. S. 1625, which provides that questions of law determined by a County Court upon the trial of any special, summary or sessions proceedings may pass to the Supreme Court for final decision. The provision afterwards embodied in sec. 3821 was the earlier enactment and the petitionees assume that it was repealed by the comprehensive language of the act now contained in sec. 1625. It must be remembered, however, that both these provisions have been inserted in the Vermont Statutes by one act of the Legislature. But it is not necessary to consider the effect of these successive enactments, nor inquire as to the present state of the law applicable to railroad appeals. The

Legislature has, by the act of 1896, referred to sec. 3821 as it stands in the revision, and made it the law of all cases arising under that act. We conclude, therefore, that the case is not properly before us, and that the petitionees must stand upon such rights as they may have relative to the judgment of the County Court.

*Exceptions dismissed.*