E. N. GOODSELL, APL'T. *v.* RUTLAND-CANADIAN R. R. CO.

January Term, 1902.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed May 22, 1902.

*Railroads—Damages for land taken—Judgment for—Exception—Time for filing—Interlocutory judgment.*

V. S. 1626, limiting the time for filing exceptions, applies only to final judgments, and No. 35, Acts of 1898, only adapts the existing limitation to the new procedure.

Exceptions do not lie to judgments, final or interlocutory, rendered on the coming in of the report of commissioners in the appraisal of land taken for railroad purposes.

APPEAL from the decision of commissioners in the appraisal of land taken for railroad purposes. To the defendant's plea in abatement, the plaintiff demurred. Demurrer sustained and plea adjudged insufficient at the August Term, 1901, Grand Isle County, *Rowell*, J., presiding. The defendant excepted and the plaintiff moved to dismiss the exceptions.

*F. H. Button* and *J. K. Batchelder* for the defendant.

*J. P. Ladd* and *Alfred A. Hall* for the plaintiff.

MUNSON, J. This case is an appeal from the appraisal of damages sustained through the taking of land for railroad purposes; is here upon an interlocutory judgment of the County Court entered before adjournment; and stands upon a motion to dismiss the exceptions.

It is claimed, first, that the exceptions should be dismissed because not filed within the time limited by V. S. 1626. It was held in *Thetford* v. *Hubbard*, 22 Vt. 440, that this limitation upon the filing of exceptions had reference only to the final judgment. We do not see that the subsequent change

permitting cases to go up before final judgment affords any ground for a different holding. No harm from an improper delay in filing exceptions to interlocutory judgments could have been expected when the passing up of the case thereon was left to the discretion of the court.

Nor is this matter governed by the provisions of No. 35, Acts of 1898. Section four merely adapts to the new procedure the existing limitation applicable to exceptions on final judgment. It is not necessary to consider what section five may require as regards exceptions, for that relates only to such interlocutory matters as are disposed of by a judge in vacation. So the exceptions will not be dismissed as filed out of time.

It is claimed, further, that exceptions do not lie to judgments rendered in this class of cases. The proceedings of the County Court upon these appeals are regulated by V. S. 3821, and it is therein provided that "the decision of the court shall be final upon the report of said commissioners." It is clear that the right to except to the judgment rendered upon the coming in of the report is barred by this special provision, although within the terms of the general provision for exceptions in session proceedings contained in V. S. 1625.

It is true that the exception before us is to an interlocutory judgment, and that such a judgment is not within the letter of this special enactment. But it was clearly the purpose of the legislature to have these cases stand upon the determination of the County Court, and the statute is to be construed in furtherance of that purpose. It can hardly have been contemplated that a case which could not be taken up upon final judgment, should pass to the Supreme Court for the review of interlocutory matters that were to enter into that judgment. The motion to dismiss is sustained upon this second ground.

*Exceptions dismissed.*