FIDELITY & DEPOSIT COMPANY *v.* JOSEPH G. BROWN, INSURANCE
COMMISSIONER.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed June 12, 1918.

*Legislative Enactment—Intent of Legislature—Words and
Phrases — "Similar" — Foreign Corporations—Conditions
and Regulations—G. L. 5623—Foreign Insurance Com-
panies—License Fees—Insurance Commissioner.*

The legislative history of an enactment may be referred to for aid in
arriving at the intent and purpose of the Legislature as expressed
in the act.

The word "similar" has not the significance of "the same," identical
but is defined as "nearly corresponding; resembling in many re-
spects; somewhat alike; having a general likeness."

In permitting foreign corporations to do business in this State, the
permission may be granted under such conditions and regulations
as the State may impose, not thereby affecting matters of a federal
nature.

Under G. L. 5623, providing that, if another state or country imposes
upon a domestic insurance company doing business therein fees,
etc., exceeding those imposed by this State upon foreign insur-
ance companies doing business herein, an insurance company,
organized under the laws of such other state or country doing
business in this State shall be subject to fees, etc., similar to those
imposed in such other state, such fees, etc., so required shall
correspond in amount to the fees, etc., imposed by such other state
or country upon an insurance company of the same classification,
incorporated in this State, doing business in such other state or
country; and therefore the insurance commissioner is not author-
ized to collect from a foreign insurance company, not doing life
insurance business, the same fees imposed by the state under
whose laws such company was organized upon a life insurance com-
pany organized under the laws of this State, the two companies
not being of the same classification.

APPEAL IN CHANCERY, Washington County. Heard in Chambers, February 6, 1918, on defendant's demurrer, *Slack,* Chancellor. Decree sustaining the demurrer and dismissing the bill with costs. The plaintiff appealed.

*Theriault & Hunt* for the plaintiff.

*Herbert G. Barber,* Attorney General, for the defendant.

STATEMENT BY WATSON, C. J. The bill alleges that by the Code of Public General Laws of the State of Maryland, of 1904, Article 23, Section 167, as amended by the General Assembly of that state in 1912 (Laws 1912, c. 207) it is provided:

"No person, firm or corporation shall act as agent or solicitor in this state for any insurance company * * * * except for such companies as may be chartered under the laws of this state, in any manner whatever relating to insurance risks, until all the provisions of this article relating thereto have been complied with, and there has been granted by the insurance commissioner a certificate of authority or license, for which said company * * * * or their agent, doing a life insurance business, shall pay to the insurance commissioner the sum of three hundred dollars, * * * * provided that nothing contained herein shall amend or repeal sections 170 to 174, both inclusive, of article 23 of the Code of Public General Laws of 1904."

That said section 174 reads as follows:

"No license fee shall be hereafter required of or collected from any company, corporation. or association chartered, incorporated or organized under the laws of any of the States of the United States other than the State of Maryland, * * * * as a condition of granting to such company, corporation or association a license to carry on any of the classes of insurance business known as surety, liability, fidelity, accident, boiler, plate glass, health, burglary, sprinkle leakage, credit indemnity, or casualty insurance; * * * *"

It is further alleged that for many years last past the plaintiff has been engaged in carrying on its authorized insurance business in the State of Vermont, and has established a large number of agencies therein for such purpose, doing a large business each year, under a license granted to it according to the law of the State, and on April 1, 1917, a renewal of such license to do

business in the State until April 1, 1918, was granted the plaintiff, it paying to the State for such renewal the sum of five dollars, as required by law.

Also that under and by virtue of the provisions of said section 167, the State of Maryland imposes upon and requires of the National Life Insurance Company, a Vermont insurance company doing a life insurance business in said State of Maryland, a fee of three hundred dollars; that the plaintiff, in its business, either in this State or elsewhere, in no manner whatever engages in life insurance business, but wholly in the classes of insurance business specified in said section 174; that the defendant, as insurance commissioner of Vermont, by reason of the requirement by the State of Maryland of said fee from said National Life Insurance Company, as stated above, and claiming authority and right therefor under and by virtue of section 4824 of the Public Statutes, (G. L. 5623,) has imposed upon, required of, and attempted to enforce against the plaintiff, as a fee for doing its said business in this State, the sum of three hundred dollars, and still continues so to do, and therein has demanded of the plaintiff the payment of the additional sum of two hundred and ninety-five dollars as such fee, and has threatened, and still threatens, to revoke and cancel the said license of the plaintiff unless such additional sum is paid; that unless the defendant is restrained from carrying his said threats into effect, the plaintiff's said license will be cancelled and revoked without any remedy or redress to the plaintiff in the premises, and thereby the plaintiff will suffer great and irreparable damage, etc.

The prayer is for a perpetual injunction restraining the defendant from revoking or cancelling the plaintiff's said license, and from further imposing upon, requiring of, and attempting to enforce against the plaintiff, any additional fee for doing its said business in this State, for the cause aforesaid, and for general relief. A temporary injunction was issued against the defendant, to be in force until further order of court.

The defendant filed his answer, and therein incorporated a demurrer to the bill, assigning as a cause the want of equity. The printed case shows that the parties then stipulated that the cause, in so far as the claims, briefs, and arguments of the parties are concerned, shall stand for the decision of the court wholly upon the construction of section 4824 of the Public

Statutes; that until the final determination of the cause, the defendant, for or by reason of any claim based upon that section of the statute, shall in no way interfere or attempt to interfere with the carrying on of business in this State, but upon the payment by the plaintiff annually of the fee of five dollars, shall renew the license of the plaintiff, as of April 1, so to do business in this State; and that if, upon the final determination of the cause, the Supreme Court shall hold that the fee should be held to have been three hundred dollars, then the plaintiff shall pay the same to the State of Vermont without further demur.

The demurrer, being heard solely on the question whether, on the facts alleged, the provisions of section 4824 of the Public Statutes authorizes the insurance commissioner to collect a fee of three hundred dollars from the plaintiff for doing business in this State, was sustained, the bill adjudged insufficient and dismissed with costs to the defendant, the temporary injunction to continue in force pending the appeal taken by the plaintiff.

WATSON, C. J.    The only question presented is as to the construction of section 4824 of the Public Statutes, now section 5623 of the General Laws, which reads:

"If another state or country imposes upon or requires of a domestic insurance company or its agents doing business therein, fees, fines, penalties, deposits, obligations or prohibitions exceeding those imposed by this State upon or required of foreign insurance companies doing business herein, an insurance company organized under the laws of such other state or country and its agents doing business in this State shall be subject to the fees, fines, penalties, deposits, obligations or prohibitions similar to those so imposed in such other state or country; * * * *"

The plaintiff claims that if this section of the statute is to stand, it must be construed as applicable in its retaliatory operation, not to insurance companies generally, regardless of the lines of business in which they are engaged, but to insurance companies doing like lines of business; in other words, that the retaliatory operation must be according to classification. While the defendant claims that the true intent and purpose of the General Assembly was to make the maximum fee, etc., imposed upon any Vermont insurance company by an other state, the fee, etc., to be imposed upon all insurance companies of the same state, doing business in Vermont.

The law of this section was first enacted as No. 115 of the Acts of 1888. The legislative history of this enactment may be referred to for aid in arriving at the intent and purpose of the lawmakers as expressed in the Act. *Town School Dist. of Brattleboro* v. *School Dist. No. 2,* 72 Vt. 451, 48 Atl. 697; *Lapina* v. *Williams,* 232 U. S. 78, 34 Sup. Ct. 196, 58 L. ed. 515. The original bill, as introduced, had reference to life insurance companies only; and the fees, etc., to be imposed upon or required of a foreign life insurance company and its agents while doing business in this State, were "the same" as were imposed upon or required of a domestic life insurance company while doing business in the state or country under whose laws such foreign life insurance company was created, in case they be more in amount or at a greater rate than those required by other provisions of law of this State. By amendments the bill, as it became a law, had reference to "any insurance company," and the fees, etc., to be imposed upon or required of any insurance company coming from another state or country, and its agents, doing business in this State, were fixed as "similar" to those imposed in such other state or country upon any domestic insurance company, while doing business therein, in case, etc.

It is matter of common knowledge that there are several general classes of insurance. The word "similar" is defined (Webster's Internat. Dict.) as "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." It is to be noticed that as thus defined, it has not the significance of "the same," identical. The statute under consideration contemplates reciprocal relations founded upon consent which is implied from comity between the states and the absence of prohibition. In permitting foreign corporations to do business in this State, the permission may be granted under such conditions and regulations as the State shall impose, not thereby affecting matters of a federal nature. *Cook* v. *Howland,* 74 Vt. 393, 52 Atl. 973, 59 L. R. A. 338, 93 Am. St. Rep. 912. The license, and renewals thereof, granted to the plaintiff prior to the bringing of this bill, were under the provisions of P. S. 4764 (now G. L. 5554), for each of which, extending until the first day of April thereafter, the company was required to pay the insurance commissioner five dollars. The excess of this sum can be collected of the plaintiff only under the provisions of the retaliatory statute in question. It seems pretty clearly to have been the in-

tention of the Legislature, when this statute is applicable, to return like for like—to treat an insurance company coming from another state or country, to do business here, the same as such a company from this State is treated in such other state or country, while doing business there.    So long as the provisions of the original bill related solely to life insurance companies, the amount of the fees, etc., was aptly fixed as "the same."  And yet it was fixed by classification, for no two insurance companies even of the same class are identical, they have but a general likeness, and are therefore only similar.    Were the law in terms to impose the same fees, etc., upon "similar insurance companies," there should seem to be no doubt as to the meaning intended; and yet, as the law was passed, and as it now is, broad enough to bring within its provisions all insurance companies, we think the same idea of classification obviously flows out of the nature of the purpose to be accomplished, and that the word "similar," in the connection of its use, carries with it this basic idea, and that such was the intention.

Therefore, by the law of the section of the statute in question, when applicable, the fees, etc., which shall be imposed upon or required of an insurance company organized under the laws of another state or country and its agents doing business in this State, shall   correspond in amount to the fees, etc., imposed by such other state or country upon an insurance company of the same classification, incorporated in this State, or its agents, doing business in such other state or country.

According to the allegations in the bill, the plaintiff is not of the same classification as the National Life Insurance Company of this State, and is nowhere engaged· in doing life insurance business.   It is engaged exclusively in the classes of insurance business specified in section 174 of the Maryland statute set forth in the statement of the case; and the law of that section is that no license fee shall be required of or collected from any insurance company, corporation or association chartered, incorporated or organized under the laws of any other state of the Union, as a condition of granting to such company, corporation or association, a license to carry on any of the classes of insurance business specified therein.   It follows that the insurance commissioner· is not authorized by the provisions of section 4824 of the Public Statutes (G. L. 5623) to collect from the plaintiff the additional fee demanded of it for doing business in this State.

*Decree reversed, demurrer overruled, bill adjudged sufficient, and cause remanded.*