MILES BLOCK CO *v.* BARRE & CHELSEA RAILROAD COMPANY.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed June 2, 1923.

*Eminent Domain—Exceptions Do Not Lie to A Judgment of County Court Based on Report of Commissioners Appointed Under G. L. 5147—Right of Appellate Review—Statutory Provisions Controlling.*

1. Exceptions do not lie to a judgment, based on a report of commissioners appointed under G. L. 5147 to determine the damages which an owner of land has suffered by the taking of such land by a railroad company, the statute itself providing that such a decision of the court shall be final.

2. In the absence of a constitutional requirement, there is no right of appellate review independent of a statute granting it.

3. On the question of whether exceptions lie from a decision of the county court, based on the report of commissioners appointed under G. L. 5147 to determine the damages for the taking of land by a railroad company, such section, which provides that the court's decision shall be final, *held* to control over G. L. 2257, providing that questions of law in special causes may pass to the Supreme Court for final decision.

APPEAL from damages awarded by commissioners appointed by two Justices of the Supreme Court. In accordance with the statute a new commission was appointed by the Washington County Court. Heard on report of these commissioners at the September Term, 1922, Washington County, *Fish*, J., presiding. Judgment for the plaintiff on the report. The plaintiff excepted. In Supreme Court the defendant moved to dismiss the exceptions. *Exceptions dismissed.*

*Edward H. Deavitt* for the plaintiff.

*H. C. Shurtleff* for the defendant.

POWERS, J.   The plaintiff appealed from the award of commissioners appointed under G. L. 5140, and a new commission was appointed by the county court as required by G. L. 5147. When the report of this commission came in, the county court rendered judgment thereon awarding the plaintiff a specified sum as damages for the taking by the defendant of a small piece of land, of which the plaintiff was lessee.   The plaintiff attempts to bring this judgment before us for review by exceptions thereto.   The defendant moves to dismiss the exceptions.   So, the first question for consideration is, will exceptions lie to such a judgment?

[1, 2]   This question must be answered in the negative.   In the absence of a constitutional requirement, there is no such thing as a right of appellate review independent of a statute granting the same.   What we speak of as such, is a mere legislative privilege to be granted or withheld as may seem best to the law-making body.   *Collins* v. *Laybold,* 182 Ind. 126, 104 N. E. 971; *Bronson* v. *Mechanics' Bank,* 83 Conn. 128, 75 Atl. 709; *Dismukes* v. *Stokes,* 41 Miss. 430; *Saylor* v. *Duel,* 236 Ill. 429, 86 N. E. 119, 19 L. R. A. (N. S.) 377, and note; *Kohl* v. *Lehback,* 160 U. S. 293, 40 L. ed. 432, 16 Sup. Ct. 304.   The section of the statute last above referred to expressly provides that "the decision of the court shall be final upon the report of said commissioners."   This very provision, then embodied in V. S. 3821, was before this Court in *Littleton Bridge Co.* v. *Pike,* 72 Vt. 7, 47 Atl. 108, and it was held that such judgments are not subject to exception; and this was approved and reasserted in *Goodsell* v. *Rutland-Canadian R. R. Co.,* 74 Vt. 206, 52 Atl. 437. The force of these decisions is not affected by *Hooker* v. *Montpelier & White River R. R. Co.,* 62 Vt. 47, 19 Atl. 775, for the question was not there raised.

[3]   The plaintiff insists that G. L. 2257, formerly V. S. 1625, and not G. L. 5147, controls.   But this claim was considered and passed upon in the Littleton Bridge Company Case and in the Goodsell Case.   With these decisions before them, subsequent Legislatures have allowed the statute to stand unchanged for a period of more than twenty years, and notwithstanding the earnest argument of the plaintiff we think it must be taken that the matter is not now open to question.

*Exceptions dismissed.*