IN RE GEORGE S. WALKER TRUST ESTATE.
GUY TREADWAY, APPELLANT.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed October 7, 1941.

*Charles H. Brown* and *Wayne C. Bosworth* for appellees Carl O. Church, Trustee, American Fidelity Company and Hermon B. Ledden.

*Asa S. Bloomer* for appellant.

150

BUTTLES, J. The final account of C. O. Church, trustee of the trust estate created by the will of the late George S. Walker, was allowed by decree of the Probate Court for the District of Addison, and from that decree an appeal attempted to be taken by Guy Treadway, a person claiming to be interested therein, was allowed by the probate court and entered in county court. Thereafter, within the time allowed by statute, C. O. Church, Trustee, and others, hereinafter termed the appellees, appeared specially and moved that said appeal be dismissed. Upon exceptions to the overruling of this motion the cause comes to this Court under the provision of P. L. 2072.

The motion challenges the authority and jurisdiction of the probate court to allow this appeal in the form in which it was prayed for and allowed, that form being "to the next stated term of Addison County Court to be holden at Middlebury within and for the County of Addison on the 3rd day of December, A.D. 1940." This form conforms to the requirement of our law as it existed prior to the enactment of R. L. of 1880, Sec. 2270, but at the present time the taking and allowance of such an appeal is governed by section 3005 of the Public Laws, which reads: "A person interested in an order, sentence, decree or denial of a probate court, who considers himself injured thereby, may, except as otherwise provided, appeal therefrom to the county court, if application in writing therefor is made and filed in the register's office within twenty days from the date of the decision appealed from."

P. L. 3007 provides that such appeals shall be entered and docketed by the appellant in the county clerk's office on or before twenty-one days from the time they are taken, and that the appellee shall cause his appearance to be entered with such clerk on or before fourteen days after the expiration of such twenty-one days. P. L. 3013 requires the appellant to give notice of his appeal in such manner as the probate court directs, within the twenty-one days allowed for entering his appeal in the county clerk's office. By P. L. 3015 the appellant is required to file in the county court to which the appeal is granted a certified copy of the record of the proceedings appealed from, of the application for an allowance of the appeal with evidence that notice has been given to the adverse party according to the order of the probate court. In this case direction as to giving notice was given

to the appellant by order of the probate court dated Nov. 5, 1940, the day on which application for the appeal was filed and allowed by probate court.

This Court has said emphatically that in the absence of a constitutional requirement, there is no such thing as a right of appellate review independent of a statute granting the same. What we speak of as such is a mere legislative privilege to be granted or withheld as may seem best to the law making body. *Miles Block Co.* v. *Barre & Chelsea R. R. Co.*, 96 Vt. 526, 527, 121 Atl. 410. And again it is said that the right to an appellate review is purely statutory. *Tucker* v. *Yandow et al.*, 100 Vt. 169, 171, 135 Atl. 600. This is in accordance with the rule generally prevailing in other jurisdictions. 2 Am. Jur. 847, Sec. 6; *Heike* v. *United States*, 217 U. S. 423, 54 L. Ed. 821, 30 Sup. Ct. 539; *Saylor* v. *Duel*, 236 Ill. 429, 86 N. E. 119, 19 L. R. A. (N. S.) 377; *Wissenberg* v. *Bradley*, 209 Iowa 813, 229 N. W. 205, 67 A. L. R. 1075; *Drury* v. *Franke*, 247 Ky. 758, 57 S. W. 2d. 969, 88 A. L. R. 917. A fortiori there can be only a statutory right of appeal from probate court, this being a court of special and limited jurisdiction, deriving all its authority from the statute. *Holden* v. *Scanlin*, 30 Vt. 177, 180; *Mason's Guardian* v. *Mason*, 86 Vt. 279, 281, 84 Atl. 969; *Probate Court* v. *Indemity Insurance Co. of N. A.*, 106 Vt. 207, 210, 171 Atl. 336. It follows that the probate court has only such authority to allow an appeal as is given by the statute, and it becomes a question of construction whether P. L. 3005 does or does not authorize an appeal such as was here attempted to be taken.

To be sure this Court has said that in these proceedings in the probate court there is no nicety of form, *Robinson* v. *The Executors of Robinson*, 32 Vt. 738, 740, and we do not question the general rule that statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal. 2 Am. Jur. 849, Sec. 7. Nevertheless it is well established that the fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature. *Clifford* v. *West Hartford Creamery Co., Inc.*, 103 Vt. 229, 252, 153 Atl. 205; *Sorrell* v. *White*, 103 Vt. 277, 280, 153 Atl. 359; *In re Estate of Henry Woolley*, 96 Vt. 60, 64, 117 Atl. 370; *Simonds et al.* v. *Estate of Powers*, 28 Vt. 354. Among other aids that may be em-

ployed in determining this intention are consideration of the history of the statute's enactment and the trend of previous legislation. *Clifford* v. *West Hartford Creamery Co. Inc., supra; Baker* v. *Jacobs,* 64 Vt. 197, 199, 23 Atl. 588; *Fidelity & Deposit Co.* v. *Brown,* 92 Vt. 390, 394, 104 Atl. 234; *In re Fulham's Estate,* 96 Vt. 308, 316, 119 Atl. 433; *In re James,* 99 Vt. 265, 271, 132 Atl. 40.

█ █ While all parts of the statute, as well as statutes *in pari materia,* are to be considered, *Cole* v. *Walsh et al.,* 97 Vt. 256, 260, 122 Atl. 664; *State* v. *Central Vt. Ry. Co.,* 81 Vt. 463, 466, 71 Atl. 194, 130 Am. St. Rep. 1065, it should be remembered that we are here concerned with the provision for the taking and allowance of the appeal rather than the subsequent steps necessary to perfect the same.

█ █ As we have already noted, the statute, prior to 1880, authorized an appeal in the form in which this attempted appeal was taken and allowed. Section 2270 of the Revised Laws, enacted in that year, changed the existing statute by omitting therefrom the words "in the same county at the stated session next after such appeal," so that thereafter, as now, the statute authorized an appeal to the court and not to a designated term thereof. It cannot be presumed that the amendment was meaningless and the language of the amended section is not appropriate for giving a right of appeal additional to the one previously existing. The only alternative would seem to be that the right given was in substitution for the one previously existing, and that the right of appeal to a definite term no longer existed. That such was the intention of the legislature is also indicated by other legislation to which we now refer.

█ Section 32 of Chapter 48 of the General Statutes of 1862 required the giving of notice of the appeal "and of the session of the court to which the appeal is taken." This requirement remained unchanged by Section 2276 of the Revised Laws, but by No. 28 of the Acts of 1892 that section was amended by omitting the words "and of the session of the court to which the appeal is taken," thereby making it consistent with the amended law relative to taking appeals. We note, in passing, that the notice ordered and given in this case conformed to the former and not the present law in this respect.

█ The same Act of 1892 enacted what is now P. L. 3007,

requiring appeals from probate court to be entered and docketed in the county clerk's office on or before twenty-one days from the day they are taken, and that the appellee cause his appearance to be entered on or before fourteen days from the expiration of such twenty-one days, such requirements evidently being deemed necessary because appeals were no longer returnable to a stated term of court.

By this Act of 1892, R. L. 2276 was further amended by requiring notice of the appeal to be given within the 21 days allowed for entering the appeal, this being in lieu of the previously existing requirement that notice be given at least twelve days before the session of the county court, if there are so many days; if not, as soon as may be. Furthermore a continuation of the intent to make process returnable to the county court rather than to a term thereof is indicated by other provisions of No. 28 of the Acts of 1892, both with respect to appeals other than those coming from probate court and to original process in many actions brought in county court. See *Dunn* v. *Dunn et al.*, 96 Vt. 44, 116 Atl. 113.

It seems clear, therefore, that it was the intention of the legislature in enacting R. L. 2270 and subsequent legislation to grant a right of appeal from probate court to county court and to abolish the previously existing right to appeal to a definite stated session of that court. Such intention is further indicated by the fact that if the present statute were construed as sanctioning an appeal to a stated term of court the result might be that such term would have taken final adjournment before the thirty-five days allowed to the appellee by P. L. 3007 for entry of his appearance had expired—a consequence which must be considered in ascertaining the legislative intention. *Brammall* v. *La-Rose*, 105 Vt. 345, 349, 165 Atl. 916.

It follows that the probate court did not have authority or jurisdiction to grant the appeal here prayed for and the motion to dismiss should have been granted.

*Judgment reversed, motion to dismiss appeal to county court granted and appeal dismissed. To be certified to the probate court.*