W. F. RODDY *v.* ESTATE OF WALTER J. FITZGERALD.

January Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 1, 1944.

*Sylvester & Ready* for the appellee.

*P. C. Warner* for the appellant.

BUTTLES, J.   The plaintiff's claim against the defendant estate in the sum of $333.16 was disallowed by the commissioners, and their report having been returned to probate court the plaintiff applied in writing for an appeal therefrom "to the County Court to be holden at City of St. Albans within and for the County of Franklin, on the 14th day of September, A. D. 1943."   P. L. 3006, under which the plaintiff attempted to proceed, provides that such appeal may be taken "to the county court."   The appeal having been entered in County Court after notice given, the estate in due course filed a general appearance and answer and thereafter a motion to dismiss the appeal on the ground that the court was without jurisdiction and authority to entertain the same.   The motion was denied, exception granted, and hearing had on the merits.   At the conclusion of the evidence the motion to dismiss was renewed, again denied and exception granted.   In this Court the Estate relies upon its exceptions to the denial of its motion.

This case is very similar in its facts and in the question

presented to *In Re Walker Trust Estate,* 112 Vt 148, 22 A2d 183, although in that case the appeal was attempted to be taken under P. L. 3005 from an order of the probate court allowing the account of a testamentary trustee, while in this case the attempted appeal was from the decision and report of commissioners under P. L. 3006. However the history of P. L. 3006 is exactly parallel with that of P. L. 3005 as set forth in the Walker case. The change made by R. L. 2071 in the previously existing law with respect to designating the court to which appeals from the decision and report of commissioners were to be taken was the same as the change made by R. L. 2070 with respect to appeals from an order of the probate court, except that the words "in the county" were retained in Sec. 2071 but not in Sec. 2070. This difference is immaterial and does not appear in subsequent revisions. Number 28 of the Acts of 1892, omitting from the notice required to be given the designation previously required of the session of the court to which the appeal is taken, is equally applicable to appeals of the one class or of the other.

The present case is governed by our decision in the Walker case unless it is to be differentiated therefrom, as is claimed by the plaintiff, by one or both of the following facts: (1) that here application was made and allowed for an appeal "to the County Court to be holden at City of St. Albans within and for the County of Franklin, on the 14th day of September, A. D. 1943," while in the Walker case the application was for an appeal to the *next stated term* of Addison County Court to be holden at Middlebury within and for the County of Addison on the 3rd day of December, A. D. 1940; or (2) that in the present case there was a general appearance and answer filed by the defendant prior to the making of the motion to dismiss, while in the Walker case there was a special appearance only, by the appellee.

■ We take judicial notice that the 14th day of September, 1943, was the second Tuesday of September and the day on which the September term of Franklin County Court was appointed by P. L. 1374 to be held. The application was therefore, in effect, for an appeal to the September 1943 term of the county court and not to the county court generally, as authorized by P. L. 3006. See *In re Walker Trust Estate, supra,* as to the invalidity of such an attempted appeal.

The plaintiff contends that the nature of the appeal is governed by the order of the probate court for its allowance rather than by the application therefor. It is to be noted, however, that the court's order reads: "The foregoing prayer for an appeal and declaration having been presented here to this Court * * * It is ordered that *said* appeal be and the same is hereby allowed." It is obvious that the appeal allowed is the same as the appeal for which application was made. The balance of the court's order is merely a direction, in accordance with P. L. 3013, as to the manner in which notice of the appeal shall be given, together with a correct recital of the time allowed by P. L. 3007 for entering the appeal and for appearance by the appellee.

The second claimed distinction between the present case and the Walker case raises only the question whether here the court's lack of jurisdiction was an infirmity that could be waived. Unquestionably the filing of a general appearance and an answer by the defendant constituted such waiver if the infirmity was one which could be waived, since the rule requires dilatory pleas and motions to be filed at the earliest opportunity. *Coolbeth* v. *Gove,* 108 Vt 499, 503, 189 A 858; *Andrew* v. *Buck,* 97 Vt 454, 457, 124 A 74; *Lyman* v. *Central Vt. R. R. Co.,* 59 Vt 167, 175, 10 A 346; *Snow* v. *Carpenter,* 49 Vt 426, 434.

A court of probate does not proceed according to the common law, but has a special and limited jurisdiction given by statute, and if it appears on the face of the proceedings that it has acted in a manner prohibited or not authorized by law its orders and decrees are absolutely void and may be treated as a nullity. Nothing is to be presumed in favor of its jurisdiction and such jurisdiction must be made affirmatively to appear by one who seeks to take advantage of its proceedings. *Probate Court* v. *Indemnity Ins. Co.,* 106 Vt 207, 210, 171 A 336; *Barber* v. *Chase,* 101 Vt 343, 351, 143 A 302; *White's Admr.* v. *White,* 91 Vt 74, 77, 99 A 305. Furthermore in the absence of a constitutional requirement there is no such thing as a right of appellate review independent of a statute granting the same. What we speak of as such is a mere legislative privilege to be granted or withheld as may seem best to the law making body. *In Re Walker Trust Estate,* 112 Vt 148, 151, 22 A2d 183; *Miles Block Co.* v. *Barre & Chelsea R. R. Co.,* 96 Vt 526, 527, 121 A 410.

On appeal the county court sits as a higher court of probate with co-extensive jurisdiction. *Everett* v. *Wing,* 103 Vt 488, 493, 156 A 393; *In re Partridge's Estate,* 102 Vt 9, 14, 144 A 861. There is, consequently, the same necessity for an affirmative showing of jurisdiction after as there was before the appeal came to the County Court, because the appellate jurisdiction of that court can be no more extensive than the original jurisdiction of the probate court. The requirements of a valid appeal are statutory and the jurisdiction ("the power to hear and decide," *In re Camp,* 94 Vt 455, 457, 111 A 565, 566) of the court to which the appeal is taken depends upon a compliance therewith and cannot be conferred by agreement or waiver, express or implied. *Essex Storage Elect. Co.* v. *Victory Lumber Co.,* 93 Vt 437, 443, 108 A 426; *Andrew* v. *Buck,* 97 Vt 454, 456, 124 A 74.

If there is no statutory authority for the allowance of this appeal, nothing passed to the County Court for review. *Hodge's Admr.* v. *Hodge's Estate,* 90 Vt 214, 216, 97 A 676. This is merely an application of the rule that process which is in violation of law is void and confers no jurisdiction. *Howe* v. *Lisbon Sav. Bank,* 111 Vt 201, 208, 213, 14 A2d 3; *Ramsay* v. *McDonald,* 108 Vt 180, 181-2, 184 A 691. Indeed the term "process," in its broad significance, applies to an appeal, for it includes all proceedings from the beginning to the end of a cause. *Rich* v. *Trimble,* 2 Tyler 349, 350.

P. L. 3002 gives the County Court appellate jurisdiction of matters originally within the jurisdiction of the probate court, but this section must be read in connection with P. L. 3006 which prescribes the method in which the appeal must be taken. By prescribing a certain method of doing so all other methods are excluded and forbidden. The appeal in the present case was in violation of statute and void. It did not empower the County Court to exercise authority derived from law. *Howe* v. *Lisbon Sav. Bank,* 111 Vt 201, 208, 14 A2d 3.

This case is readily distinguishable from cases like *Mack* v. *Lewis,* 67 Vt 383, 31 A 888. There an appeal regularly taken from the judgment of a justice court was not entered in County Court within 21 days thereafter and it was held that this was a defect that could be waived. Here, however, we are concerned with "the taking and allowance of the appeal rather than with the sub-

sequent steps necessary to perfect the same." *In re Walker Trust Estate,* 112 Vt 148, 152, 22 A2d 183, 185.

*The judgment is reversed and the plaintiff's appeal to the County Court is dismissed. To be certified to the Probate Court for the District of Franklin.*

JEFFORDS, J. (dissenting)

I do not agree with the holding of the majority that the defect in the appeal was one which could not be waived. As shown in the majority opinion, the question here is one of jurisdiction of the process. See also *Mack* v. *Lewis,* 67 Vt 383, 31 A 888, wherein a defect in an appeal was considered as a defect of process. This being so, the question is then, in which one of the classes of defective process set forth in *Howe* v. *Lisbon Sav. Bank,* 111 Vt 201, 14 A2d 3, does the case fall. I doubt whether it could properly come within the voidable class. It certainly does not come within the first class of void process as the statute here in question (P. L. 3006) is not a prohibitory one. In my opinion the case comes within the second class of void process as set forth and illustrated by the cases on page 209 et seq. of the Howe case. That is to say, we have here process which fails to comply substantially with statutory requirements. Probably this process was not amendable but the defect in it could be waived and thus the jurisdictional obstacle to the court's functioning removed. See the Howe case at page 213.

The appeal was taken to the court having jurisdiction of the subject matter of the appeal. The only defect claimed is the taking of the appeal to what was, in effect, a stated term of that court. It does not seem reasonable to me that the Legislature intended that such a defect could not be waived. Nothing in the language of the statute compels or reasonably leads one to the conclusion of such intention, as the wording of the statute is neither mandatory nor prohibitory. It seems more reasonable to me, if an appellee entered his general appearance in such a case as this and thus said, in effect, I am willing to overlook the defect in the process and try the case on its merits, that the Legislature intended the appellee could so waive his right to take advantage of the defect and that he would be bound by the waiver. The fundamental rule in construing statutes is to ascertain and give effect to the intention of

the Legislature. *In re Walker Est.,* 112 Vt 148, 151, 22 A2d 183.

In my opinion the situation here is analogous to that in several of the cases included in the second class of void process which are set forth in the Howe case. Possibly the one nearest in point is that of *Perry* v. *Perry,* 94 Vt 487, 111 A 632, 634. In that case the citation did not state the time the petitionee was required to appear, but did state that she should appear before the Windsor County Court. In the course of the opinion it is said: "If the summons did not give her the required legal notice, the court was without jurisdiction unless she saw fit to waive the defect by a general appearance."

I shall now discuss those cases relied upon by the majority which I think need discussion and attempt to show that they do not support the holding of the majority on the question of waiver. In *Probate Court* v. *Indemnity Ins. Co.,* 106 Vt 207, 171 A 336, and the two following cases in the opinion, no questions of process were involved as these cases merely had to do with decrees or orders of probate courts. The Walker case, 112 Vt 148, 22 A2d 183, and the Miles Block case, 96 Vt 526, 121 A 410, are favorable to my view of the matter as they show that all appellate reviews are dependent upon statutes granting them. Thus the rules applying to the construction of process in the matter of probate appeals should be the same as those applying to the construction of process in all other appeals, and indeed, as far as I can perceive, to all process, for, generally speaking, all questions concerning process spring from statutes.

In the Essex Storage Electric Company case, 93 Vt 437, 108 A 426, no question of defect of process was involved. In that case an appeal from the public service commission was not filed within the time required by statute. It has been uniformly held that such statutes are mandatory and that unless complied with the court has no jurisdiction of the subject matter. So that case is one of failure or lack of process rather than one of defect of process. It is significant in this respect that this case and others of its kind having to do with the failure to file a bill of exceptions within the required statutory time (*Hotel Vermont Co.* v. *Cosgriff,* 89 Vt 173, 94 A 496) do not appear in any of the classes in the Howe case.

In the case of *Andrew* v. *Buck,* 97 Vt 454, 124 A 74, an appeal

was not entered on time. It was held under the authority of *Mack* v. *Lewis, supra,* that this defect did not affect the jurisdiction of the appellate court over the subject matter of the suit, and consequently could be waived.

In *Hodge's Admr.* v. *Hodge's Estate,* 90 Vt 214, 97 A 676, no question of process was involved as there the holding was that a probate court had no jurisdiction of the action of account.

The majority rely largely on the Howe case but it is of no help to them unless P. L. 3006 prohibits the appeal as taken. The mere fact that the process is in violation of statute and void is not enough if the defect is waivable. Nowhere in the majority opinion is it stated that P. L. 3006 is prohibitive. The nearest the majority come to this is the statement, referring to the statute, "By prescribing a certain method of doing so (taking the appeal) all other methods are excluded and forbidden." They would say, apparently, that the statute impliedly prohibits the appeal as taken. But in most if not all instances the issuance of process is dependent upon statutory authority. The statutes prescribe what is to be done, and by whom, in order to have valid process issue. So in all cases of process issued under statutes it might equally be said that all other methods in the way of form, signature, etc. are impliedly excluded and forbidden. If such implication were to make the statutes prohibitory within the meaning given to that word in the Howe case, then it would follow that all process defective because it did not comply with the statute, i.e., was issued in violation thereof, was void, and the defect could not be waived. But the Howe case clearly shows that this is not so. There it appears that process may be merely voidable which does not conform to the statute authorizing it. It is also there shown that process issued in violation of statute may be void but the defect waivable, as here. A study of the cases cited and discussed in the Howe case (case, page 209) which are placed in that class where the defects are not waivable discloses that the statutes in question either expressly prohibited the issuance of the process there under consideration or expressly prescribed a condition precedent to the issuance which was not complied with. That is to say, the first class of void process in the Howe case has to do with cases where the issuance of the process is in violation of a statute which expressly prohibits it.

*Ramsay* v. *McDonald,* 108 Vt 180, 184 A 691, is cited with the Howe case as authority for the statement, "that process which is in violation of law is void and confers no jurisdiction." All that needs to be said in regard to the Ramsay case, as supporting the majority, is that this case is placed in the Howe case in that class of cases where the process was void but the defect waivable.

I believe the present case is to be differentiated from *In re Walker Trust Estate,* 112 Vt 148, 22 A2d 183, for the reasons heretofore stated and I would affirm the judgment.