### Rosanna C. Holden *v.* Estate of Ruby B. Cook.

(56 A2d 474)

Special Term at Rutland, November, 1947.

Present: Moulton, C. J., Buttles, Sturtevant and Jeffords, JJ., and Cleary, Supr. J.

Opinion filed January 6, 1948.

George M. Goddard for the plaintiff.

Osmer C. Fitts and Lindley S. Squires for the defendant.

JEFFORDS, J.   On June 15, 1946, the probate court for the district of Rutland made its decree allowing the account of the administrators of the estate of Ruby B. Cook.   On June 25th of that year the petitioner,. hereinafter called the plaintiff, filed with that court her application for an appeal from the allowance of the account.   On that same day the appeal was granted, a citation issued and a bond filed and approved.   The application set forth that the plaintiff is an heir at law of the deceased Ruby B. Cook and a party interested in her estate; that on the 15th day of June, 1946, the probate court issued its decree allowing the final account of the administrators of the estate against the objection of the plaintiff, "and she does hereby appeal from the order and decree of the Probate Court allowing the account aforesaid, agreeably to the statute in such case made and provided."   There was a prayer in the application that the appeal be allowed and an order made stating the manner and time of giving notice of the appeal.   The application was dated June 20, 1946.

On July 10, 1946, the plaintiff was permitted to amend her application for appeal by adding thereto the words: "to the county court for the county of Rutland."   When thus amended, the above quoted portion of the application read as follows: "and she does appeal from the order and decree of the Probate Court allowing the account aforesaid to the County Court for the County of Rutland, agreeably to the statute in such case made and provided."   The application as amended bore the same date as it had before amendment.

The appeal copies, including the application for appeal as amended, were certified by the judge of the probate court on July 10, 1946, and were served and filed in the office of the clerk of the Rutland County court on the same day.

In that court a motion was made to dismiss the appeal on the ground that it was not filed within twenty days of the date of the decree appealed from.   In support of the motion it was stated therein that the appeal papers as certified do not correctly state the date on which the application for appeal was filed nor do they correctly state the date on which the citation was signed.   That if these dates were correctly stated the appeal papers would show that the application for appeal was not filed within the time required by statute and that the appeal was not granted on the date on which it purports to have been signed.

A hearing was had on the motion and the appellee, hereinafter called the defendant, was permitted over the objections and exceptions of the plaintiff to introduce evidence showing the facts concerning the taking and filing of the appeal papers heretofore recited. These facts were taken from the findings made by the county court after the hearing on the motion.

The court granted the motion and entered a judgment dismissing the appeal, with exceptions to the plaintiff.

The exceptions of the plaintiff, as briefed, present two questions. The first is whether there was error in permitting evidence to be introduced to alter or contradict the record certified by the probate court. The second is whether there was error in entering the judgment dismissing the appeal on the facts as found. We will first consider the question last stated.

By P. L. § 3005 it is provided that a person interested in an order or decree of a probate court who considers himself injured thereby may appeal therefrom to the county court, if application in writing therefor is made and filed in the register's office within twenty days from the date of the decision appealed from. By P. L. § 3007 it is provided that such an appeal shall be entered in the county clerk's office on or before twenty-one days from the time it is taken.

The appeal, as we have seen, as originally taken, was within the twenty day period prescribed by statute. It was amended twenty-five days after the decree was entered. The appeal papers as certified by the probate court did not show any amendment so it appeared from them that the appeal as worded after the amendment was the one originally taken. In the findings the application for appeal as originally worded was set forth and also the amended application.

The defendant sets forth three reasons in its brief for sustaining the ruling below. It says that the appeal as originally taken was fatally defective in that it did not include the words "to the county court"; that this defect could not be cured by amendment and that the words "agreeably to the statute in such case made and provided" appearing in the application as originally drawn were insufficient to confer jurisdiction on the county court to entertain the appeal.

In our opinion the application for appeal as originally drafted was sufficient to confer jurisdiction to the county court to

hear the appeal. It set forth facts showing the right of the plaintiff to appeal under the provisions of P. L. 3005 and it was made in writing within the required statutory time. The statute does not require specifically, nor by implication, that the application contain the words "to the county court". That is the court designated to which the appeal must be taken, the county court for the county in which the probate court in question is located. All that the statute requires, relating to the matter here in question, is that the appeal be taken to that court generally. *In re Walker Estate,* 112 Vt 148, 22 A2d 183; *Roddy* v. *Fitzgerald Estate,* 113 Vt 472, 35 A2d 668. It does not set forth any particular method or language to be used in perfecting the appeal. We can think of no reason why the appeal may not be taken as was done in the present case by reference to the statute. By such reference it is clear that it is taken to the proper tribunal and thus answers the statutory requirement in that respect.

The words of reference commonly used are either those which are here employed or "according to the statute" etc. By the use of such words it is imported that the appeal is taken under and as required by the statute. For cases not in point on their facts but in principle see *Doe* v. *Harrison,* 3 B. & A. 764, 766; *Fiser* v. *Mississippi, etc. R. Co.,* 32 Miss 359, 370; *Harvey* v. *Beach,* 38 Pa 500, 502. Invoking a statute merely by reference is the method used in our forms for indictments and informations. See Harmon, Manual of Court Procedure §§ 109 and 110. Such forms have been approved by this Court. *State* v. *Newton,* 42 Vt 537, 539.

In view of our conclusions above set forth it is unnecessary to determine whether the application for appeal as originally drawn was merely voidable so as to be amendable under the tests set forth in *Howe* v. *Lisbon Savings Bank,* 111 Vt 201 at 208, 14 A2d. 3, and whether when amended it stood as though it had originally read as amended. *Dana* v. *McClure,* 39 Vt 197, 201. Under our view of the case the amendment is treated as unnecessary, as mere surplusage. Although the amendment was unnecessary, wording similar to that therein used is ordinarily employed in probate appeals and should be used in such appeals in the future for reasons which need not here be discussed.

The defendant relies on *In re Walker Estate* and *Roddy* v. *Fitzgerald Estate, supra.* Those cases, however, are not in point here as they merely hold that the appeals therein were defective as

each was attempted to be taken to a stated term of the county court and not to that court generally as required in the first case by P. L. 3005 and in the second by P. L. 3006.

Our holdings as above stated render it unnecessary to consider the other question briefed by the plaintiff.

*The judgment dismissing the appeal is reversed with costs in this Court to the plaintiff and the cause is remanded.*