IN RE MOFFITT ESTATE

(75 A2d 698)

May Term, 1950

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 3, 1950

*Edward J. Shea* for the proponents.

*Russell A. Clark, Jr.* and *Everett C. Williams* for the contestants.

SHERBURNE, C. J.   On October 21, 1948, the probate court for the district of Westminister allowed the will of the decedent.   On November 10, 1948, Clifford Moffitt and Emory D. Moffitt, sons and heirs of the decedent, filed in the probate office two applications for an appeal from such allowance.   One application is dated October 30, 1948, and prays for an appeal to the next stated term of Windham county court to be held on April 12, 1949, and recites that the appellants "herewith file a bond for such appeal agreeably to the requirements of the law in that behalf."   The other application is dated November 9, 1948, and prays for an appeal to the county court within and for the county of Windham pursuant to V. S. 47, § 3087 and following, and recites that the appellants "herewith file a bond for the prosecution of said appeal, conducted according to law."   The bond given to the probate court is dated October 30, 1948, and its condition, so far as here material, recites:

> "The condition of the above obligation is such, that if the above bounden Clifford Moffitt and Emory Moffitt would have filed in the Register's Office an

application to the Probate Court for said District, for an appeal from the allowance of the Will of Charles Moffitt deceased, which will was allowed by the Westminister Probate Court on the 21st day of October, A.D., 1948, * * *"

The assertion in their brief that the two applications were filed at the same time with the bond is not disputed. On November 10, 1948, the probate court, reciting the presentation to it of the prayer for an appeal and the filing of the bond, ordered that the appeal be allowed, and that notice be given to the special administrator of the estate as required by statute. Service of the order was duly made, and the appeal was entered in the county court on November 27, 1948. Long after the time for appearing had expired the proponents appeared specially, and filed identical pleas to the jurisdiction of the county court, on the ground that the appeal was not taken as the law requires, but is returnable to a stated term of the county court, to which the appellants answered that the pleas ought not to be allowed because proponents appeared out of time, and that the appeal is returnable in accordance with V. S. 47, § 3090. To the overruling of their respective pleas the proponents excepted. Here, for the first time the proponents assert that the probate court erred in allowing the appeal dated November 9, 1948, without a bond being filed, and that for that reason the appeal should be here dismissed for want of jurisdiction.

For the reasons stated in *In Re Walker Trust Estate,* 112 Vt 148, 22 A2d 183; and *Roddy* v. *Estate of Fitzgerald,* 113 Vt 472, 35 A2d 668, it is apparent that the application for an appeal dated October 30, 1948, was fatally defective and its allowance could confer no jurisdiction in the county court, because it prays for an appeal to a stated term of the county court, rather than simply to the county court. Since it was fatally defective, there is no reason why the appellants could not also file a proper application for an appeal that would give the county court jurisdiction. The appellants did file another application for an appeal. Proponents assert in their brief that the probate court erred in allowing this application for an appeal without a bond being filed, and thereby admit its allowance. They do not question its sufficiency. The pleas ignore this application, consequently the allegation in the pleas that the county court ought not to take cognizance of the attempted appeal because it has no jurisdiction of the subject matter, is not

sustained, and error in overruling the pleas is not made to appear. As to whether the nature of the pleas was such that they could be filed at any time it is unnecessary to decide.

This leaves for determination the question whether the bond complies with the provisions of V. S. 47, § 3094, that before an appeal is allowed the person appealing shall give a satisfactory bond to the court, conditioned that he will prosecute the appeal to effect and pay the intervening damages and costs occasioned by such appeal.

Delivery is essential to the validity of a bond, and it takes effect from the date of delivery. 11 CJS, Bonds, § 21. The fact that a bond is erroneously dated, or bears no date at all will not affect its validity if compliance has been made with other essentials necessary to give it a legal and binding effect. 11 CJS, Bonds, § 15; *Kimball Co.* v. *Tasca*, 26 RI 565, 59 A 919. In this case, giving the bond to the probate court constituted delivery. Since the probate court allowed the appeal and issued a citation we may assume that the bond was accepted by the probate court as satisfactory. *Re Watkins Estate*, 114 Vt 109, 112, 114, 41 A2d 180, 157 ALR 212.

Both applications for an appeal were filed on the same day, and each recites that a bond is filed therewith. Here the appellants were apparently afraid that the application dated October 30, 1948, was defective, and so filed with it the application dated November 9, 1948. There is no reason why one bond could not be given in connection with both applications. As we have seen, the earlier dated application was fatally defective, hence it could not be lawfully allowed. Only one application could be lawfully allowed, and the bond, if given in connection with both applications, satisfies the requirement for the allowance of the later dated application. The recitals in the condition of the bond identify it with both applications. Since the date of the bond is immaterial no question could be raised had there been only one application for an appeal, that it was given in connection with that application. That it was dated or executed before the date of the application is of no particular significance. It might well happen that an heir wishing to take an appeal would first see if he could get a surety, and might also get the bond executed, before he would draft and sign his application for an appeal. The bond and the defective application bear the same date, but the bond was given in connection with both applications,

and its terms do not tie it to one any more than to the other. Only one valid application for an appeal was filed, and we have no hesitation in holding that the bond answers the requirement for its allowance.

*The judgment overruling proponents' plea is affirmed, and the cause is remanded.*